ERNEST C. GRANNELL, APPELLANT, V. NETTIE GRANNELL, APPELLEE.

293 N. W. 280

FILED JULY 12, 1940. No. 30832.

Beeler, Crosby & Baskins and Robert B. Crosby, for appellant.

Beatty, Maupin, Murphy & Davis, contra.

Heard before SIMMONS, C. J., EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ., and BLACKLEDGE, District Judge.

BLACKLEDGE, District Judge.

In 1934 in a divorce action between these parties in the district court for Lincoln county the defendant was granted a divorce upon her answer and cross-petition and was also awarded the custody of a minor son then 17 months old. The decree provided that until further order of the court the plaintiff pay to the defendant for the support of the child the sum of $15 a month.

In October, 1938, the defendant filed in said court an application for an increase in the amount allowed for the support of the child, which application was finally heard in July, 1939, and an order was then made and entered in the case modifying the original decree to the extent that the amount of such allowance for the support of the child was increased from $15 to the sum of $25 a month. This appeal is by the plaintiff from the order increasing such allowance.

The contention of the appellant is, in effect, that there has been no such change in the situation of the parties or the interests of the child as would require or authorize an increase in the amount of money to be paid by him for the support of his son now seven years old, and in the custody of his mother, the defendant.

These facts are apparent from the record and are without substantial dispute therein: Prior to their marriage both parties had been previously married and each had children, all of whom have heretofore attained their majority and do not enter into consideration in this case. The child, Maurice, is the son of these parties and the proper allowance to be made for his support is the matter in controversy herein. There is no charge of unfitness on the part of the mother to have the custody of the child, nor of any misconduct on her part. Before their marriage they each owned a residential property in North Platte; that of the plaintiff encumbered to the amount of $700, and that of the defendant encumbered to the amount of $1,700, which properties each respectively retained upon the granting of the original decree and the defendant was given the right of occupancy of the plaintiff's property, which had been their home, for the period of six months and $450 in cash. Later she was married to a Mr. Lantz who died within a year leaving to the defendant a small estate from which she realized $700 and an automobile. The defendant soon thereafter moved to Denver in search of employment and has since had part time employment with the Denver Dry Goods Company from which she realizes from $8 to $10 a week, except that it seems that her work is somewhat seasonal and at the time of the hearing of this application she was out of employment for approximately two months. Defendant still retains ownership of her North Platte property which is rented for the sum of $25 a month from which she pays $22.70 a month accruing on the $1,700 encumbrance to the building and loan association. It also appears that she traded in the automobile she received from her husband's Lantz estate and some of the money toward the purchase of a small property also in North Platte and valued at approximately $1,000; and that she is still in debt on that property, but the amount, if any, she is realizing from it does not appear. On her removal to Denver she first occupied a residential property at the rental of $50 a month, but soon afterward and for some time preceding this last

hearing she was occupying a small apartment at the rental of $18 a month, and in connection with her work employed assistance to care for the child during her absence at work for which she paid $2 a week. She is not shown to have any other resources or sources of income, so that it appears that at the end of six years her financial means are reduced to the sum of $100, she has this part time employment and her interest in the North Platte property above referred to.

It also appears that the husband is, and during all the period covered by this investigation has been, employed by the Union Pacific Railroad in a responsible capacity, he being rated as a conductor, but during certain stages of the employment has worked also as a brakeman. The testimony shows that at the time of the original trial his earnings were approximately $140 a month, and that at the time of this hearing his earnings are approximately $200 a month. In the meantime he has reduced the indebtedness on his North Platte property from $700 to approximately $400, and is himself living in a room. What he realizes from his residential property which is a seven-room house is not shown. He has no other dependents nor any one in whose support he seems financially concerned except he occasionally assists his mother who resides at Julesburg. He also maintains an automobile.

The law in this case is well settled both by statutory provision and the decisions of this court. By section 42-312, Comp. St. 1929, it is provided:

"If the circumstances of the parents shall change, or it shall be to the best interests of the children, the court may afterwards, from time to time, on its own motion, or on the petition of either parent, revise or alter to any extent, the decree so far as it concerns the care, custody and maintenance of the children or any of them."

In *Wassung v. Wassung*, 136 Neb. 440, 286 N. W. 340, in the opinion it is stated: "The reduction in defendant's wages and the employment of the plaintiff are changes in the circumstances of the parties that justify a prospective modification of this decree under the power granted the

court in section 42-312, Comp. St. 1929, and section 42-324, Comp. St. Supp. 1937."

In the case of *Connett v. Connett,* 81 Neb. 777, 116 N. W. 658, the first paragraph of the syllabus is: "Where, in a decree of divorce, the court includes an order concerning the custody or maintenance of minor children, those infants in a sense become wards of that court, and it has authority at any subsequent period of their minority, upon application of either parent and sufficient notice to the other, to revise and alter the decree so far as it relates to the care, custody, or maintenance of the children."

It was also further held in the *Wassung* case above cited that provisions for the maintenance of children in divorce cases are for the benefit of the child or children and not for the benefit of the parent.

In the interim between the granting of the original decree and the time of the hearing from which this appeal comes, the child had progressed from the age of 17 months to approximately 7 years. He was attending school. No complaint is made of the manner in which the mother has taken care of the child except, as it is now made, that she does not need any more money in order to do so. The boy needs care of a different kind now and it is somewhat more expensive than it was at the age of 17 months. The mother is entirely justified in that, in order to hold her own employment, she employs some one to assist at their home in caring for the child while she is busy at work. The child must have something that answers as a home as well as the mother.

We think it clear from the record in this case that the circumstances of both parents and the child have sufficiently changed since the granting of the original decree to warrant the present application for a modification thereof, and we are convinced that the plaintiff father, who is shown to be in good health and to have a good job and without other dependents, should contribute a greater share than he has been doing to the support of his son; and we find that the amount of increase allowed in the district court is not excessive, and approve it.

The appellant might have had this same result had he abided the order of the district court. He had the right of appeal, of course, which he exercised, and he now owes the duty to pay appellee's counsel a reasonable fee for services in this court which we fix at $100.

AFFIRMED.