MONICA H. FOGEL, APPELLANT, v. DANNY L. FOGEL, APPELLEE.

168 N. W. 2d 275

Filed May 23, 1969. No. 37116.

Fromkin, Fromkin & Herzog, for appellant.

Robert K. Silverman and Silverman & Silverman, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

Appellant was granted a divorce from the appellee on October 1, 1965. Appellee was ordered to pay $600 per month for the support of three minor children, alimony of $325 per month, and to maintain an insur-

ance program for the benefit of the children, the cost of which is $150 per month.

Appellant remarried, terminating the provision for alimony. She now lives in Cincinnati, Ohio. Appellee has also remarried, and lives in San Diego, California.

Appellee, alleging that he was attempting to establish himself in a new field of endeavor with a better future, petitioned the court for a reduction in the amount of the child support because of reduced earnings. Appellant petitioned the court for a $200 increase in the amount of the monthly child support because of the increase in costs of caring for the children, who are now 12, 10, and 8 years of age. The trial court denied the application for an increase and reduced the child support to $133 for each child, or $399 per month, but did not disturb the insurance provision. Appellant perfected an appeal to this court.

At the time the divorce was granted, appellee was employed as a home improvement salesman, earning in excess of $20,000 annually. When appellee's sales work was curtailed because of managerial duties and he could not work out a satisfactory salary arrangement with his employer, he terminated that employment in March 1967. Appellee then moved to San Diego, California, and attempted to establish himself with an encyclopedia sales organization on the promise of an executive position. After 8 months, when it became evident that this promise would not be fulfilled and he would be restricted to door-to-door sales work, he sought other employment. During the course of the 8 months, his earnings averaged $300 weekly.

Appellee, who was then 35 years of age, decided to enter the real estate sales field. To qualify for a license he attended a training school for 6 weeks. He secured a real estate sales license in January 1968, and since that time has been associated with a real estate broker on a strictly commission basis. His earnings through July 1968, were $5,442.80, from which he paid his automobile

and personal expenses. He estimated his net earnings for 1968 would be at least $10,000. When he can qualify for the sale of commercial property he expects to increase his earnings substantially.

"An appeal from a judgment modifying a decree of divorce by authority of section 42-324, R. R. S. 1943, is considered and decided by this court de novo upon the record made in the trial court." Bowman v. Bowman, 163 Neb. 336, 79 N. W. 2d 554. However, while the discretion of the trial court with respect to awarding or changing the support of minor children is subject to review, the determination of the court will not ordinarily be disturbed unless there is a clear abuse of discretion or it is clearly against the weight of the evidence. Johnson v. Johnson, 177 Neb. 445, 129 N. W. 2d 262.

Appellant predicates her opposition to appellee's application on the premise that appellee's voluntary change of circumstances regarding career, residence, and marital status are mere adjustments of life and are not changes of circumstance sufficient in law to permit and allow a reduction of child support and a denial of an increase of child support payments. We do not accept appellant's premise. The cases cited by appellant are those where a husband, acting in bad faith, erodes his financial position. That is not the present case.

There is no willful misconduct or neglect involved in the present application. Appellee did not leave his former employment for the purpose of evading his responsibility but because of circumstances which eventually could have affected his income. The record would justify an inference that he made serious efforts to establish himself in employment with better prospects for the future. There is no question appellee is a capable individual with the energy, intelligence, and enterprise to be highly successful in sales work. His present occupation can be a lucrative one, but he must have an opportunity to make the necessary adjustments to realize his potential.

A divorce decree does not freeze a father in his employment. One may in good faith make an occupational change even though that change may reduce his ability to meet his financial obligation to his children. Appellant ignores the fact that the judgment of what is fair includes not only a consideration of the circumstances of the children but of the father as well. Ordinarily, a man makes a change in his occupation with the hope of improving his prospects for the future. When parents are living together the standard of living of the children rises or falls with the changes in the father's fortunes. Should this readjustment be any different because divorce has separated them physically? We think not, unless the move is made to avoid responsibility or made in bad faith.

The following from Nelson v. Nelson, 225 Ore. 257, 357 P. 2d 536, 89 A. L. R. 2d 1, is pertinent herein: "But these cases refusing to recognize the husband's remarriage as a basis for modifying the decree are not applicable to the case before us. Here the defendant has remarried but he does not rely upon that change of circumstance in requesting a modification of the decree; he asks the court to adjust his obligation under the decree to his reduced earning power brought about by his change in employment. Where the divorced husband proposes to remarry it may be reasonable to leave him with a choice of celibacy on the one hand or the risk of financial hardship resulting from remarriage on the other. But the refusal to recognize a change in occupation or employment as a basis for modification would force the defendant to be frozen in his present employment unless he would accept the prospect of financial hardship. We do not believe that it would be sound policy to place such a restraint upon him. Admittedly he has a duty to support his children, and the decree which is sought to be modified expresses that duty in a fixed amount. But the amount is not fixed immutably in the decree; it is subject to modification if circum-

stances fairly warrant modification. The judgment of what is fair must include a consideration not only of the child's economic circumstances, but of his father's as well. In the proper case it may be just to reduce the child's standard of living if that is necessary to alleviate his father's financial hardship. The fact that such financial hardship is brought about through the father's change in employment, even though made with knowledge that it will result in a reduction of his financial resources, does not preclude the court from considering the change as a basis for a modification of the decree. The change must, of course, be made in good faith."

Appellant, in support of her application for an increase in the child support allowance submitted a monthly expense breakdown for the care of the children in the amount of $1,233.50. The itemization is as follows: $400 for a housekeeper; $122.50 for the childrens' share of the mortgage payment on a $55,000 home provided by her present husband; $66 for the childrens' share of taxes and insurance; $36 for their share of the utilities; $200 for their share of the food; $50 for clothing; $40 for laundry; $40 for transportation; $75 for religious expenses; $34 for public school expenses; $20 for books and supplies; $50 for medical expense; and $100 for summer camps, which is estimated to cost $1,200 for the summer season. In view of the conclusion we have reached, it is not necessary to discuss the propriety of several of the items listed. Suffice it to say that a decrease and not an increase is the proper remedy herein.

Appellee should have an opportunity to establish himself in his present occupation. When and if appellee reaches his potential, appellant is not without remedy. The trial court did not abuse its discretion herein, and the judgment should be and hereby is affirmed. Appellant is allowed $200 for the services of her attorney in this court, and costs are taxed to the appellee.

AFFIRMED.