LOIS GAYLE RUBOTTOM, APPELLEE, v. MAX ORIN RUBOTTOM, APPELLANT.

173 N. W. 2d 447

Filed January 6, 1970.   No. 37322.

Holtorf, Hansen, Kortum & Kovarik and David C. Nuttleman, for appellant.

Lyman & Meister, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

CARTER, J.

This is an appeal from a judgment of the district court finding that changed conditions warranted a modification of a divorce decree increasing the amount of child support payable by the husband to the wife.

The parties were divorced on November 5, 1954. At that time the parties had four children, Richard and Delmer, twins age 7 years; Lee, age 4 years; and Ray, age 8 months. On the date of the hearing of this case, Richard and Delmer were 21 years of age, Lee was 19, and Ray was 15. Under the divorce decree, Richard and Delmer were no longer entitled to support by their father, Lee had passed his nineteenth birthday and was no longer entitled to support by his father under the terms of the original divorce decree, and Ray was entitled to support until his nineteenth birthday. Richard and Delmer were attending Chadron State College, Lee was attending Nebraska Western, and Ray was in junior high school. The application for increased child support on the ground of changed conditions was for increased and extended support for Lee until he reached

his majority at 20 years of age and for Ray until he also reached the age of 20 years.

The original decree provided that after Richard and Delmer reached the age of 19 years, defendant should pay child support for Lee and Ray in the sum of $75 per month until Lee reached the age of 19 years after which defendant was to pay $40 per month for the support of Ray. In the order appealed from, dated April 2, 1969, defendant was ordered to pay $75 per month for the support of Lee until he reached the age of 20 years on December 11, 1969, and $100 per month for Ray until he reached the age of 20 years on March 8, 1974.

The asserted changes of conditions relied on to sustain a modification of the decree of divorce are as follows: Each of the parties has remarried and each has a child resulting from the second marriage. Each has a moderately valued home and each appears to enjoy about the same standard of living. The cost of supporting the children is alleged by the wife to have materially increased, which is undoubtedly true, although the evidence as to the extent of the increase is in conflict. The wife has been employed the last 2 years, her income in 1968 being approximately $4,000. Plaintiff and her husband have an automobile and some stock in a local family corporation of questionable value. She makes a contribution of $70 per month to each of the two older boys to aid them while attending Chadron State College. The four boys have been claimed as exemptions for income tax purposes by plaintiff and her husband. During 1968, Lee earned $1,200 and used the money to buy an automobile and for personal expenses with little or no contribution towards his living expenses.

In 1954, defendant received $3,900 for the year from his employment and in the year following, it increased to $4,200. In 1968, his income was $10,850 which included a bonus of $3,500. In 1969, his base income is $7,800 with little chance of any substantial bonus. He

has paid promptly all child-support payments due under the divorce decree, including insurance premiums to protect his four sons amounting over the years to an alleged total cost of more than $3,557.25, all of which has been paid as shown by a sworn answer to a previous application for modification of the decree. The record shows that defendant has voluntarily paid $25 per month to each of the two oldest boys to help with their education. It also shows that he paid Lee $25 in December, January, and February following his reaching age 19 to aid in his schooling which was evidently terminated after the filing of the present application to modify the decree.

The subsequent marriages of the parties, the rising costs of supporting minor children over the past 15 years, and the corresponding increase in the husband's annual income constitute changed conditions authorizing a modification of the child-support order. This conclusion is supported by the following authorities: Phillips v. Phillips, 162 Neb. 649, 77 N. W. 2d 152; Walters v. Walters, 177 Neb. 731, 131 N. W. 2d 166.

It is contended here that there are no changed conditions and that the findings as to the allowance of child support in the original decree are res judicata. This is a correct statement of the law where changed circumstances are not found to exist. But where changed circumstances are found to exist, a child-support decree or order is at all times subject to review and adjustment in the light of such changed conditions regardless of the language of the allowance previously made. Caporale v. Hale, 169 Neb. 751; 100 N. W. 2d 847; Gibson v. Gibson, 147 Neb. 991, 26 N. W. 2d 6.

Under the decree of divorce, defendant was required to pay $75 per month for the support of Lee and Ray after the support for the two older boys was terminated. After the support for Lee terminated, he was required to pay $40 per month for Ray's support until he reached the age of 19. The order from which this appeal is

taken provides that defendant shall pay support for Lee in the amount of $75 per month until he reaches age 20 and the amount of $100 per month for Ray until he likewise reaches age 20. In determining the reasonableness of the trial court's last award, all the circumstances must be considered and placed in proper perspective.

The evidence shows that the cost of supporting Lee and Ray is greater now than it was when the decree of divorce was entered in 1954. The defendant's income in 1954 was $3,900. In 1969, his basic pay is $7,800 per year. In 1968, it was approximately $10,850 which included a bonus of $3,500, the basis for which does not appear to exist in 1969. The plaintiff had an income of $4,000, although not a controlling factor, it is a circumstance to be considered. The defendant has made every payment required for the support of his children, including the cost of insurance for the children and a life policy on himself with the children as beneficiaries. In addition thereto, he has voluntarily contributed to the cost of educating the children both before and after termination of child support under the court's order. As to Lee, the evidence shows that he is able to contribute to his own support, a benefit that is legally available to the plaintiff if she chooses to exercise it. Under the circumstances set forth in this opinion, we think the modification of the child support decree exceeded the bounds of reasonableness.

We hereby modify the court's order under the date of April 2, 1969, for child support in the following respects: Defendant shall pay for the support and maintenance of Lee the sum of $60 per month commencing April 1, 1969, until he reaches his majority on December 11, 1969. Defendant shall pay for the support and maintenance of Ray the sum of $60 per month commencing April 1, 1969, until Lee reaches his majority on December 11, 1969, and thereafter defendant shall pay for the support and maintenance of Ray the sum of $75 per

month until he reaches his majority on March 8, 1974. See Trautman v. Trautman, 184 Neb. 202, 166 N. W. 2d 415.

The costs of this appeal, including an attorney's fee of $250, are taxed to the defendant.

AFFIRMED AS MODIFIED.