BETTY LYNN PFEIFFER, APPELLEE, V. KENNETH L.
PFEIFFER, APPELLANT.

266 N. W. 2d 82

Filed May 24, 1978. No. 41528.

L. William Kelly, III, of Kelly, Kelly & Kelly, for appellant.

Phillip T. Morgan of Morgan & Morgan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, and BRODKEY, JJ.

CLINTON, J.

This is an action by petitioner wife against the respondent husband to modify the award made at the time of dissolution by increasing the amount of support for the five children of the parties. After notice and hearing, the trial court increased the amount the respondent was required to pay for child support. The respondent appeals and asserts that the evidence shows no facts and circumstances occurring since the original award which justify an increase and, until such change is shown, the matter is res judicata. We affirm.

The marriage of the parties was dissolved on March 28, 1975, and custody of the five children, whose birth dates are 10-2-60, 10-20-63, 7-29-65, 1-18-69, and 9-2-70, was awarded to the petitioner. The de-

cree approved a property settlement agreement entered into between the parties, as well as the provision made therein for child support. The latter provision was as follows: "Respondent shall pay to the Clerk of the District Court of Merrick County, Nebraska, beginning March 1, 1975, the sum of $500 per month for the support of the five minor children until any one of said minors shall reach the age of 19, marry, become emancipated, or become self-supporting. So long as there are only four minor children in the custody of the petitioner, the respondent shall pay the sum of $400 per month for the support of said minor children. So long as there are only three minor children in the custody of the petitioner, the respondent shall pay the sum of $350 per month for the support of said minor children. So long as there are only two minor children in the custody of the petitioner, the respondent shall pay the sum of $300 per month for the support of said minor children. So long as there is only one minor child in the custody of the petitioner, the respondent shall pay the sum of $300 per month for the support of said minor child."

The court, on the current application, modified the award to provide for the payment of "child support of $250.00 per month for each of the five children until such time as the child reaches the age of 18 years."

The marriage dissolution act of 1972, Laws 1972, L. B. 820, expressly recognizes that agreements of the parties for child support are subject to modification. § 42-366 (7), R. R. S. 1943. Provisions for child support made other than by agreement are also subject to modification. Section 42-364, R. S. Supp., 1976, provides in part: "When dissolution of a marriage or legal separation is decreed, the court may include such orders in relation to any minor children and their maintenance as shall be justified, . . . . Subsequent changes may be made by the court when required after notice and hearing."

In Gray v. Gray, 192 Neb. 392, 220 N. W. 2d 542, we noted the differences between the present statute on child support and its predecessor statute, to wit, section 42-312, R. R. S. 1943, and with reference to the term in the present statute "when required," said: "The term is broad and indefinite but does not contemplate modification at the whim of either a party or the court. 'A judgment for child support may be modified only upon a showing of facts or circumstances which have occurred since the judgment was entered. The judgment is res judicata as to all matters existing at the time it was rendered. * * * A proceeding to modify a judgment for child support is not a retrial of the original case or a review of the equities of the original decree.' . . . (Citing cases.) The change in the statute does not alter these basic principles."

The following changes of circumstances are shown by the record. For the years immediately preceding the dissolution the respondent's adjusted gross income was as follows: 1971, $6,635.87; 1972, $13,191; and 1973, $27,512. Respondent's adjusted gross income for 1974 was $23,906. For the year 1975 his adjusted gross income increased to $65,886, and in 1976 to $66,198. The petitioner introduced evidence to show that the cost of supporting the children at the time of hearing was approximately $1,400 per month. It is to be observed that that amount is greatly in excess of the $500 approved by the court 26 months earlier. We are permitted to judicially notice that under present economic conditions $100 per month is far less than the actual cost of caring for a child in an acceptable manner. Benton v. Benton, 187 Neb. 205, 188 N. W. 2d 685. It is also to be noted that as the ages of the children increase, the expense of care is generally greater. The rising costs of supporting children, together with the great increase in the respondent's income, are sufficiently substantial changes of circum-

stances to justify the court order modifying the amount of child support. Rubottom v. Rubottom, 185 Neb. 39, 173 N. W. 2d 447.

The plaintiff is awarded the sum of $500 for the services of her attorney in this court.

AFFIRMED.