SOLVEIG A. SLOSS, APPELLEE, v. PIERCE T. SLOSS,
APPELLANT.
324 N.W.2d 663

Filed October 1, 1982.   No. 44381.

John Story and Sam Grimminger, for appellant.

Brian R. Watkins of Watkins, Osborne, Scott & Keist, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, and CAPORALE, JJ.

McCOWN, J.

This is a proceeding to modify the alimony provisions contained in a divorce decree upon the ground of a change of circumstances. The District Court denied the petition to terminate or modify the original decree and this appeal followed.

The parties were married in 1955. They had four children who were, respectively, 17, 16, 13, and 11

years old at the time of the divorce decree in 1974. During the course of the marriage the husband, a pathologist, was actively engaged in the practice of medicine. The wife was a registered nurse and anesthetist but did not actively pursue her profession.

The parties entered into a written agreement in the divorce proceeding, which included a property settlement, custody and control of the minor children, child support, and alimony. The District Court found the agreement to be proper and reasonable in all respects, and that its terms were not unconscionable, and entered its decree approving the terms of the agreement and incorporating the agreement as a part of the decree. No appeal was taken.

The agreement and decree of March 6, 1974, provided that the wife should have custody of the children, subject to reasonable visitation rights of the husband, and that the husband would pay $62.50 per month child support for each of the two boys until each attained the age of 21 years or for a period of 4 academic years following graduation from high school if the sons were enrolled as full-time students in educational institutions. The husband was entitled to claim the sons as dependents for income tax purposes. No child support was set for the two girls, and the agreement provided that the wife could claim them as dependents for income tax purposes.

The agreement and decree also provided that beginning with the year 1974 the husband would pay to the wife as alimony an amount equal to 50 percent of all of his net income subject to federal income tax plus tax-free income, but that in no event should the amount to be paid be less than $1,000 per month until the husband reached 65 years of age. Estimated payments of alimony were to be made each year, with final adjustments following the completion of the year. Alimony ceased upon the death of either the husband or the wife.

The decree also provided for a division of property, real and personal, and noted that the parties had already divided all investments, cash, and securities between them.

The agreement and decree provided that if the husband was unable to make the payments provided for due to inability to work, the payments were to be delayed until his recovery, and also provided: "In the event that Respondent desires the amount of the payments to be changed due to decreased earning ability and the parties are unable to agree upon the amount thereafter to be paid, Respondent may submit the question to this Court and both parties shall be bound by the determination of the Court."

The husband paid all the amounts of alimony and child support required by the decree in accordance with its terms. On October 7, 1980, the husband filed the petition in this proceeding requesting termination or modification of the original decree as to alimony upon the ground of changed circumstances.

Hearing was held in the District Court for Hall County in February 1981. At the time of the hearing the husband was 57 years old and the wife was 52. Neither party has remarried. The evidence at the hearing showed that the four children were 24, 23, 19, and 18 years old at the time of the hearing and that the youngest daughter would become 19 in June 1981. Two of the children were living with the wife in her home in Lincoln, Nebraska.

Since the original decree of 1974 through the calendar year 1980 the husband paid approximately $427,000 in alimony to the wife and child support of $10,500, plus voluntary payments through 1979 of approximately $20,000 for such things as automobiles, insurance, and repairs. The husband's income for division increased each year from $147,000 in 1974 to $257,000 in 1979. The husband owned property at the time of the hearing in 1981 of approximately $300,000,

approximately one-third of which was property awarded to him by the original agreement and decree. The wife's property at the time of hearing was valued at approximately $400,000, approximately three-fourths of which was obtained by her under the original agreement and decree.

Since the decree was entered the wife has worked some months as a nurse, has obtained a real estate license, and has worked some in real estate sales, but quit because she felt her children needed her at home. She is presently contributing to the support of the children beyond their majority, and two of the four children are still living in her home. The husband testified that he suffers from a health condition known as Meniere's syndrome, which is currently stabilized and for which he takes regular medication. He also testified that he understood at the time of the original agreement and decree that the amount of child support was to be lower and the amount of alimony increased because of tax reasons. He therefore felt that when the children reached their majority the amount of alimony should be decreased.

The District Court found that the changes in circumstances with respect to property and investments of the parties were not substantial, taking into consideration the changes in the husband's earnings which occurred during the same time. The court also found that the husband failed to prove that the parties contemplated that the reaching of majority by the children would trigger a change in alimony. The District Court denied the petition to terminate or modify the original decree and also denied the wife's request for attorney fees. The husband has appealed.

The husband contends that circumstances have changed since the time of the decree and that those changed circumstances require that the alimony be terminated or reduced. He argues that the children

are now of age, are not physically or mentally handicapped in any way, and that the wife has therefore been relieved of her responsibility of caring for the children and maintaining a family home and is capable of returning to work at one or more of the several fields of employment for which she is qualified. He also argues that the wife's investments have been profitable while his have not.

Neb. Rev. Stat. § 42-365 (Reissue 1978) provides that except for amounts which have accrued prior to a petition to modify, orders for alimony may be modified or revoked for good cause shown. "Good cause" is defined in Black's Law Dictionary 623 (5th ed. 1979) as: "Substantial reason, one that affords a legal excuse. Legally sufficient ground or reason. Phrase 'good cause' depends upon circumstances of individual case, and finding of its existence lies largely in discretion of officer or court to which decision is committed." A material change in circumstances might constitute good cause for altering alimony provisions in a divorce decree. Not every change in circumstances warrants such modification, but only changes of circumstances which are material and substantial. In *Chamberlin v. Chamberlin,* 206 Neb. 808, 295 N.W.2d 391 (1980), this court stated that the reaching of the age of majority by minor children where there were separate awards of alimony and child support did not constitute a change in circumstances significant enough to warrant modification of the alimony award. It should be noted that in the present case all the provisions of the decree with respect to both alimony and child support were entered by voluntary agreement of the parties, although examined and approved by the court. It is obvious that the parties recognized that the children would reach the age of majority by the mere passage of time and that child support payments would terminate. The fact that they did reach their majority should not be treated as a cir-

cumstance which was not contemplated by the parties at the time the alimony decree was agreed upon and entered.

The evidence indicates that the wife's financial condition has improved since the date of the original decree, but it also indicates that the husband's financial condition has improved since the date of the decree. Although obviously such facts constitute a change in the economic circumstances of each party, the circumstances are predominately improved for both. Such changes are not ordinarily so material and substantial in a relative sense as to justify the termination of alimony or to necessarily constitute "good cause" for modifying the terms of the original agreement and decree.

In actions for the modification of alimony in a dissolution of marriage proceeding, it is the duty of this court to review de novo the determination of the District Court as to whether a change in circumstances has occurred which justifies the modification of the original decree. *Chamberlin v. Chamberlin, supra.*

The evidence in the present case is persuasive that the changes in the circumstances of the parties since the entry of the decree of divorce do not constitute a material and substantial change in circumstances sufficient to constitute good cause for a modification of the alimony provisions contained in the original agreement and decree. The determination of the trial court was correct and is affirmed, including the denial of attorney fees. Each party shall pay his or her own attorney fees in this court.

AFFIRMED.

CLINTON, J., participating on briefs.