ANN K. ALBERS, APPELLANT, V. ROBERT J. ALBERS,
APPELLEE.

329 N.W.2d 567

Filed February 4, 1983.  No. 81-752.

Thomas R. Wolff, for appellant.

D. L. Pelton of Pelton, Bertolini & Schroeder, for appellee.

KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

WHITE, J.

This is an appeal from the judgment of the District Court for Sarpy County, Nebraska, which modified an award of alimony contained in a decree of dissolution dated May 13, 1974.

The decree provided: "It Is Further Ordered that Respondent is required to pay to the Petitioner as alimony, the sum of $300.00 per month commencing May 1, 1974, until May 1, 1976, and thereafter at a rate of $400.00 per month until the death or remarriage of the Petitioner."

The May 1, 1976, date for the increase of alimony payments was apparently related to a time when the child support obligations of the respondent were reduced or terminated.

The trial court found that good cause was shown "for modifying the order for alimony." Appellant, Ann K. Albers, appeals.

At the time of the dissolution proceeding, appellee, Robert J. Albers, was a member of the U.S. Air Force and was contemplating retirement. He was a

lieutenant colonel with 19 years of service, earning approximately $1,800 per month. Appellee subsequently retired from the service in 1981 and was receiving a military pension at the time of modification of 62½ percent of his highest base pay, plus certain cost-of-living allowances, Veterans Administration educational benefits, and also land contract and bond income which amounted to a total of $2,200 per month.

Appellee was attending college at the time of modification, seeking a degree in industrial arts and education and looking forward to a second career as a high school industrial education teacher.

The parties had two sons, ages 15 and 17, at the time of dissolution. When the hearing on modification was held, the child support obligations had terminated, although one of the children was completing his college education, to which appellee had contributed approximately $183 per month after age 19.

The evidence at the dissolution proceeding showed that appellant was not employed outside the home but was working toward obtaining her college degree. At the modification hearing appellant had graduated from the College of Bellevue with a degree in sociology. She had an income of approximately $700 per month working as a travel consultant, owned her own home, and had savings of approximately $9,000.

The appellee points to the change in circumstances in both his and the appellant's case, which he contends justifies the court's modification of the alimony award.

Appellant argues strenuously to this court that all of the conditions which led the district judge in the dissolution action to make the alimony award were still present at the time of modification and were planned and anticipated by each of the parties, except for the possible remarriage of the appellee.

"[I]n actions for the modification of dissolution

proceedings, it is the duty of this court to review de novo the determination of the District Court with regard to whether a change in circumstances has occurred which justified the modification of the original decree.'' *Chamberlin v. Chamberlin,* 206 Neb. 808, 814, 295 N.W.2d 391, 395 (1980); *Howard v. Howard,* 196 Neb. 351, 242 N.W.2d 884 (1976).

It is true, as the trial court observed, that this court has not favored lifetime awards for alimony; however, the fact remains that, save and except for the remarriage, all circumstances present at the dissolution hearing were contemplated and kept in mind by the judge who originally made the award. We observed in *Chamberlin v. Chamberlin, supra* at 815, 295 N.W.2d at 395-96: "He had further contended that Helen has shown ability and initiative in her pursuit of employment. It is likewise true that, because of her good stewardship, she has accumulated a considerable amount of assets which will produce income after her impending retirement. However, we do not believe that she should be penalized for using such ability and initiative.'' We have previously said that the reaching of the age of majority of the children is not a factor to be considered in the reduction of an alimony award. *Chamberlin v. Chamberlin, supra.*

The fact that appellee continues to recognize an obligation to contribute to his natural child's education is a circumstance that, independent of a dissolution of a marriage, is no different from the remainder of the working population that has children.

The trial court declined to point out specifically what change of circumstances existed which justified the modification. We conclude that any changes in circumstances were within the contemplation of the parties, were accomplished by the mere passage of time, and do not arise to the level to justify the change or modification of the order. Accordingly, we. reverse.

REVERSED.

McCOWN, J., dissenting.

This case is a classic example of the reasons life-time awards of alimony are seldom appropriate. Periodic alimony is an award for appropriate maintenance and support, and its continuation or modification is affected by the financial circumstances of both parties. It is not a permanent judgment unaffected by the financial circumstances of either party. To treat substantial permanent changes in a wife's financial circumstances, regardless of the source, as being immaterial simply converts periodic alimony to permanent alimony terminable only by remarriage or death.

BOSLAUGH, J., joins in this dissent.