RAYMUND FRANCIS SHOLL, APPELLANT, V. BETTY JOAN SHOLL, APPELLEE.

343 N.W.2d 742

Filed January 27, 1984. No. 83-044.

Dennis D. King of Smith, King & Waite, for appellant.

Judy L. Raetz of Raetz & Bergfield, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

The husband and petitioner below, Raymund Francis Sholl, appeals from the trial court's order dismissing his petition to terminate the alimony previously awarded to his former wife, Betty Joan Sholl, respondent below. We reverse and remand with directions.

Neb. Rev. Stat. § 42-365 (Reissue 1978) provides that, except for amounts which have accrued prior

to the service of summons on the petition to modify, orders for alimony may be modified or revoked for "good cause shown." We have said that a material change in circumstances, not within the reasonable contemplation of the parties at the time of the alimony award, and not accomplished by the mere passage of time, may constitute such good cause. Our determination as to whether such good cause has been shown is made de novo on the record. *Albers v. Albers*, 213 Neb. 471, 329 N.W.2d 567 (1983); *Sloss v. Sloss*, 212 Neb. 610, 324 N.W.2d 663 (1982).

The March 24, 1981, decree dissolving this 19-year marriage incorporated an agreement concerning the division of property and payment of alimony entered into by the parties. Pursuant to the terms of that agreement the husband was awarded all interest of the parties in and to a contract for the purchase of a retail grocery store they operated as Ray's Food Center at Gordon, Nebraska. This award was subject to indebtedness of approximately $200,000.

Pursuant to the agreement the husband was ordered to pay the wife alimony in the amount of $370 per week for 1 year and $350 per week for the following 3 years, subject to termination upon the remarriage of the wife or death of the husband.

Because of a variety of reasons beyond the husband's control, including increasing costs of operation, the husband was unable to fulfill the terms of the grocery store purchase contract. He resold the business to the contract vendor, and entered into an assignment for the benefit of his creditors which pays them 50 cents on the dollar.

The husband is presently employed as the comanager of a grocery store in Cheyenne, Wyoming, and earns $450 per week, taking home $327 per week after taxes.

The wife has moved to South Dakota and earns $575 per month take-home pay from a job as a switchboard operator.

The husband regularly paid the alimony up until

the time he sold the store. The petition giving rise to this appeal was filed on August 3, 1982. The record does not reflect when service of summons was had upon the wife, but her answer was filed on September 7, 1982.

We determine that, under the facts of this case, the change in the husband's status from an owner-operator of a business he was purchasing to that of a salaried employee is such a material change in circumstances as to constitute good cause to modify the husband's alimony obligation. Accordingly, we reverse the trial court's order of dismissal and remand with directions to enter an order modifying the amount of alimony due from and after September 7, 1982, to the sum of $100 per week payable for a period of 440 weeks from and after that date, which shall terminate in the event of the wife's remarriage or the husband's death.

REVERSED AND REMANDED WITH DIRECTIONS.

CAPORALE, J., concurring.

I agree the alimony should be modified, but am of the opinion that the majority does not do enough.

Although the majority opinion acknowledges that there has been such a material change in circumstances as to constitute good cause to modify the husband's alimony obligation, it nonetheless requires him to essentially pay the $73,840 originally ordered, but over a future period of almost 8½ years instead of the approximately 2½-year remainder of the original term. Thus, it gives the husband no long-term relief and keeps both parties in bondage to each other for a decade after their marriage was dissolved. While the husband must pay, the wife must forego remarriage or forfeit payment. I would have reduced the alimony payments to $80 per week (one-fourth of the husband's net weekly pay) payable for the 132-week period of the original term remaining from and after September 7, 1982, terminable upon the wife's remarriage or the husband's death.

GRANT, J., joins in this concurrence.