JERRY ERNEST ROTH, APPELLANT, V. CAROL SUE ROTH, APPELLEE.

355 N.W.2d 516

Filed October 5, 1984.   No. 83-758.

Mark M. Sipple of Luckey, Sipple & Hansen, for appellant.

Peter Smith Ely, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

The petitioner appeals from the order of the district court denying his application to modify the decree in a dissolution of marriage proceeding by terminating his obligation for alimony. The application alleged a change of circumstances in that the respondent wife was living with a male individual "the same as if she were married."

The decree of dissolution, filed March 16, 1982, dissolved the marriage, awarded custody of the minor children and child support to the respondent wife, and approved the property settlement agreement into which the parties had entered.

The property settlement agreement provided for alimony in the amount of $50,000, $10,000 of which was to be paid upon entry of the decree and the balance in annual installments of $4,000 on March 1 of each year until paid in full. The petitioner paid the first installment but has paid none of the remaining installments.

Although there is no evidence concerning the property settlement agreement other than the agreement itself, a reading of the agreement indicates that the alimony provision may have been intended as a part of the division of property rather than alimony as such. The distinction between alimony and division of property is codified in Neb. Rev. Stat. § 42-365 (Cum. Supp. 1982). See, also, *Pyke v. Pyke*, 212 Neb. 114, 321 N.W.2d 906 (1982).

The record shows that after the dissolution the respondent moved with the couple's two children from Columbus, Nebraska, to Littleton, Colorado, where she rented a home.

Four months later, she moved to Englewood, Colorado, where she began residing with Peter Ely. The rent at the new location is $1,000 per month, and is shared by Mr. Ely, who pays $350 per month. He also contributes toward food and has used the house as an office for his law practice. The record reveals no other shared assets between the couple.

Mrs. Roth's income is derived from the alimony she receives and the income generated from commercial rental property received in the property settlement. The property netted $20,000 in 1982 and $19,500 in 1983, after expenses. In addition, Mrs. Roth has incurred a present indebtedness of $10,000 from a loan used to finance her education.

Section 42-365 provides in pertinent part:

> When dissolution of a marriage is decreed, the court may order payment of such alimony by one party to the other . . . . *[A]limony may be modified or revoked for good cause shown* . . . . Except as otherwise agreed by the parties in writing or by order of the court, alimony orders shall terminate upon the death of either party or the remarriage of the recipient.

(Emphasis supplied.)

The only issue on appeal is whether the district court erred in failing to find "good cause shown" for modification of alimony where the spouse receiving support is cohabiting with a man with whom she shares the cost of rent and food. The petitioner argues that the $4,200 received by Mrs. Roth in a year's time for payment of rent should effectively wipe out the $4,000 yearly alimony payment and constitutes "good cause shown" to terminate alimony.

Good cause means a material and substantial change in circumstances, and depends upon the circumstances of the individual case. A finding of its existence lies largely in the discretion of the court to which it is committed. *Chamberlin v. Chamberlin*, 206 Neb. 808, 295 N.W.2d 391 (1980). See, also, *Sloss v. Sloss*, 212 Neb. 610, 324 N.W.2d 663 (1982).

In *Bowman v. Bowman*, 163 Neb. 336, 79 N.W.2d 554 (1956), cohabitation standing alone was held to be insufficient to terminate the alimony obligations of the supporting spouse where the decree provided alimony was to terminate upon

remarriage. However, cohabitation, together with a showing that such an arrangement improved the spouse's overall financial condition, might warrant a modification of alimony. The requirement that cohabitation be accompanied by an improvement in the financial situation is the rule in many jurisdictions which have considered the matter. *Bisig v. Bisig*, 124 N.H. 372, 469 A.2d 1348 (1983); *Van Gorder v. Van Gorder*, 110 Wis. 2d 188, 327 N.W.2d 674 (1983); *Myhre v. Myhre*, 296 N.W.2d 905 (S.D. 1980); *Abbott v. Abbott*, 282 N.W.2d 561 (Minn. 1979); *Alibrando v. Alibrando*, 375 A.2d 9 (D.C. 1977); *Sieber v. Sieber*, 258 N.W.2d 754 (Minn. 1977); *Eames v. Eames*, 153 N.J. Super. 99, 379 A.2d 67 (1976).

There is no evidence that the cohabitation of the respondent and Peter Ely "materially and substantially" improved her financial condition. There is no showing of her actual living expenses or that she has actually benefited from the rent contribution from Peter Ely. The only evidence is that rent is shared proportionately between the two and that he contributes to the food budget. The evidence further shows that the respondent's income from rental property has gone down from the preceding year and that she has incurred debt to seek an education.

The evidence fails to show a material and substantial change in circumstances. The judgment of the district court is, therefore, affirmed.

AFFIRMED.

KRIVOSHA, C.J., concurs in the result.