ROSEMARIE G. COOPER, APPELLEE, V. GEORGE D. COOPER, APPELLANT.
361 N.W.2d 202

Filed January 11, 1985.   No. 83-727.

John A. Gale of Girard and Gale, for appellant.

Baskins & Rowlands, for appellee.

KRIVOSHA, C.J., HASTINGS, CAPORALE, and SHANAHAN, JJ., and BRODKEY, J., Retired.

BRODKEY, J., Retired.

This is a proceeding to modify a judgment for alimony. Following a hearing, the district court for Lincoln County dismissed the motion.

In this appeal the appellant, Dr. George D. Cooper, argues that his change in employment and concurrent decrease in income and the appellee's, Rosemarie G. Cooper's, return to work constitute a substantial and material change in circumstances sufficient to warrant a modification of the alimony award.

The parties were married on August 8, 1954. They have four children, all of whom have reached majority. On September 7, 1978, the parties were divorced pursuant to a final decree which incorporated the terms of a child custody, child support, property settlement, and alimony agreement entered into by the parties. As is relevant here, the appellant was to pay the appellee $268,700 in periodic alimony payments over a period of 10 years and 2 months. As of the date of the trial in July of 1983, appellant has paid a total of $127,900 and is obligated to pay $2,200 per month through October 1, 1988.

The appellant, a physician, is 53 years old. At the time the parties were divorced, he was engaged in the general practice of medicine in North Platte, Nebraska. His gross income in 1976 from that practice was $127,000. Additionally, as a supplement to his income, appellant received $7,000 from other physicians with whom he contracted to cover emergency room work.

In 1982 appellant quit his general practice to become a full-time emergency room specialist, at which he works approximately three weekends a month from 6 p.m. Friday until 6 a.m. Monday. As a full-time emergency room specialist, the appellant earned $55,000 last year. Appellant contends that he sought emergency room contract work to "augment" his income, that he found such work gave him far greater satisfaction than his general practice, that he became concerned about his competence in general practice, and that his career

goal is to ultimately become board certified as an emergency room physician.

Since the time of their divorce, appellee, who is 58, has become employed as a histology technician and earns in excess of $18,000 per year. Appellee, who had not worked in that field for over 19 years, testified that at the time of the divorce she was not working, nor did she consider herself employable, because she suffered from migraine headaches, a condition which has since lessened.

Appellee testified that it is only with this additional income that she has been able to save for her retirement and for when appellant's alimony payments cease. In fact, she has accumulated substantial savings over the years. Along with supporting herself, two of the parties' children currently live with her.

We have previously held that issues dealing with the division of property, awarding of alimony, and awarding of attorney fees in marriage dissolution cases are matters initially entrusted to the sound discretion of the trial judge, which matters, on appeal, will be reviewed de novo on the record and affirmed in the absence of an abuse of the trial judge's discretion. However, where the evidence is in conflict, this court will give weight to the fact that the trial judge observed and heard the witnesses and accepted one version of the facts rather than another. *Reuter v. Reuter*, 218 Neb. 732, 359 N.W.2d 78 (1984); *Guggenmos v. Guggenmos*, 218 Neb. 746, 359 N.W.2d 87 (1984). We now hold that the same standard of review applies in actions for the modification of alimony awards.

Neb. Rev. Stat. § 42-365 (Reissue 1984) provides that "orders for alimony may be modified or revoked for good cause shown . . . ." Generally, this court has held that good cause for altering alimony provisions in a divorce decree is demonstrated by a material and substantial change of circumstances. *Sloss v. Sloss*, 212 Neb. 610, 324 N.W.2d 663 (1982). Any changes in circumstances which were within the contemplation of the parties at the time of the decree, or that were accomplished by the mere passage of time, do not arise to the level to justify a change or modification of the order. *Albers v. Albers*, 213 Neb. 471, 329 N.W.2d 567 (1983). It is further

noted at the outset that this court's power to modify the alimony award is not affected by the fact that the decree is based on an agreement of the parties. *Id.; Williams v. Williams*, 119 Neb. 8, 226 N.W. 798 (1929). Our task in this de novo review, then, is to determine whether the trial judge abused his discretion in determining that good cause did not exist such as to warrant a modification of the alimony previously awarded.

Appellant remarried in 1979. However, it is acknowledged that appellant does not rely on his remarriage as a change in circumstances. However, it is a fact which seemingly underlies this litigation, and his testimony indicates that it constitutes at least a motivational factor for his seeking a modification. Remarriage is not of itself sufficient to justify a modification—"The first wife and children have first consideration." *Thuman v. Thuman*, 144 Neb. 177, 182, 13 N.W.2d 117, 120 (1944). "It is a circumstance that may be considered, however, in weighing the equities of the situation, where other facts are present sufficient to warrant the court, in its sound discretion, to modify the decree." *Morris v. Morris*, 137 Neb. 660, 662, 290 N.W. 720, 722 (1940).

The issues before this court, then, concern the parties' changes in income. Considering appellee's gainful employment first, this court has previously found that an alimony recipient's obtaining employment after the date of the decree "is a circumstance that permits the situation of the parties to be reexamined and some adjustment to be made in the equities between them." *Morris v. Morris, supra* at 663-64, 290 N.W. at 722. However, as was stated previously herein and emphasized in *Chamberlin v. Chamberlin*, 206 Neb. 808, 295 N.W.2d 391 (1980), a modification is only warranted when a change of circumstances is of a material and substantial nature. In *Chamberlin* the husband sought a reduction in the $600 per month alimony awarded to his former wife. The wife, who was not employed at the time of the decree, subsequently became employed. Her monthly income, including alimony payments, was $1,748.35. This court said:

> He had further contended that Helen has shown ability and initiative in her pursuit of employment. It is likewise true that, because of her good stewardship, she has

accumulated a considerable amount of assets which will produce income after her impending retirement. However, we do not believe that she should be penalized for using such ability and initiative. The record reveals that, even with such initiative and ability, Helen's monthly income, including alimony payments, was $1,748.35 and her monthly expenses were $1,119. Moreover, it is undisputed that Helen has a frugal and conservative lifestyle, saving whatever and wherever she can. While a change in circumstances has occurred, we do not believe that the change was so substantial as to justify the termination of alimony. On the contrary, Helen contends that the alimony award should be increased due to the effects of high inflation rates on the award and its relative purchasing power, which we will address later. We do not mean to advocate that spouses should not attempt to become self-supporting; in fact, we encourage such practice. We state only that the evidence presented herein does not indicate a substantial change in Helen's ability to support herself financially which would justify modification of the alimony award; Helen should not be penalized because of her efforts to supplement the alimony award.

*Id.* at 815, 295 N.W.2d at 395-96.

Another factor which must be considered by this court, however, is that the appellant's income has decreased significantly. In *Fogel v. Fogel*, 184 Neb. 425, 168 N.W.2d 275 (1969), the husband, alleging that he was attempting to establish himself in a new field with a better future, petitioned for a reduction in the amount of child support because of reduced earnings. Affirming the lower court's modification of the decree, this court said:

A divorce decree does not freeze a father in his employment. One may in good faith make an occupational change even though that change may reduce his ability to meet his financial obligation to his children. Appellant ignores the fact that the judgment of what is fair includes not only a consideration of the circumstances of the children but of the father as well. Ordinarily, a man

makes a change in his occupation with the hope of improving his prospects for the future. When parents are living together the standard of living of the children rises or falls with the changes in the father's fortunes. Should this readjustment be any different because divorce has separated them physically? We think not, unless the move is made to avoid responsibility or made in bad faith.

*Id.* at 428, 168 N.W.2d at 277.

As was concluded in *Fogel*, it does not appear here that appellant left his former employment for the purpose of evading his responsibility to his former wife. Rather, if believed, appellant is making serious efforts to establish himself in employment with better prospects for the future. Indeed, appellant states in his reply brief at 3 that becoming board certified in his new specialty has "the obvious prospects of greater financial returns."

This court finds that the combined effects of appellant's lower income from his change in employment and appellee's newfound capacity to work are a material and substantial change of circumstances sufficient to warrant a modification in the decree so as to afford appellant temporary relief. This court finds, however, that a reduction in the total award would seriously impair appellee's ability to plan for her retirement. Therefore, this court modifies the alimony previously awarded to appellee as follows: Appellant shall pay to appellee the sum of $1,650 per month beginning January 1, 1985, and pay a like amount on the first day of each successive month through April 1, 1990.

The cause is remanded with directions that the district court enter an order accordingly.

REVERSED AND REMANDED WITH DIRECTIONS.

SHANAHAN, J., concurs in the result.