WILLIAM S. LAWSON, APPELLANT, v. VIRGINIA LAWSON, APPELLEE.

174 N. W. 2d 202

Filed February 6, 1970. No. 37460.

George O. Kanouff, for appellant.

Shrout, Lindquist, Caporale, Brodkey & Nestle, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

This is an appeal from the denial of an application to set aside and vacate a "modified" divorce decree.

Plaintiff secured a decree of divorce herein October 19, 1960. Defendant's cross-petition was dismissed because defendant had failed to introduce evidence in support thereof. Plaintiff, in addition to child support

of $25 per week, was ordered to pay defendant the sum of $6,100 alimony. This alimony was payable at the rate of $50 per month, with the proviso that the monthly payments should cease upon the date of the remarriage of the defendant. The decree provided that except for purposes of appeal it would not be final or operative until 6 months from the date thereof.

On April 11, 1961, within the 6-month period, the defendant filed a motion to set aside the decree because the parties had lived together as man and wife since the granting of the decree as well as after the filing of the petition and prior to the granting of the decree.

On the 14th day of September 1961, the plaintiff's attorney had a new decree, which was designated as a "modified" decree, entered in the case. This decree had been approved as to form by defendant's attorney. The "modified" decree was identical in every respect with the previous decree except that the proviso terminating alimony payments upon the date of the remarriage of the defendant was eliminated. Both parties have remarried. Defendant remarried January 18, 1965, considerably before the alimony payments at $50 per month would total $6,100.

Plaintiff, whose attorney had the "modified" decree entered, filed this action by other counsel February 20, 1969, when defendant sought to collect the balance due by garnishment process. He seeks to set aside and vacate that decree and to declare the decree of October 19, 1960, to be in full force and effect.

Plaintiff raises two issues herein: "1. Whether the Court had a legal right to modify the original Decree as to alimony provisions after said original decree became final. 2. Whether the Court when the only legal instrument before it was a motion to set aside a decree on the grounds the parties had lived together as husband and wife after the filing of the original Petition and after the entry of the decree can modify said decree by

changing the alimony provisions after the original decree became final."

The difficulty with both plaintiff's issues is that the original decree never became final. Plaintiff ignores section 42-340, R. R. S. 1943, which provides that a divorce decree shall not become final or operative until 6 months after trial and decision, except for purposes of appeal. By this section, either party to a divorce action may within 6 months of the date of the entry of the decree make application to have the decree set aside or modified. Hubbard v. Hubbard, 176 Neb. 768, 127 N. W. 2d 503.

The automatic finality of a divorce decree at the end of 6 months is stayed where proceedings for vacation or modification are then pending. Dudgeon v. Dudgeon, 142 Neb. 82, 5 N. W. 2d 133.

Defendant in her application alleged that the parties cohabited after the filing of the petition and also after the entry of the decree. Where parties resume marital relations within the 6-month period, the decree may be set aside. Shinn v. Shinn, 148 Neb. 832, 29 N. W. 2d 629, 174 A. L. R. 510. In that case, the parties had resumed marital relations within the 6-month period, but no action was taken to set aside the decree, and it became final. This court set aside the decree on the grounds of extrinsic fraud. That case quoted with approval from Cary v. Cary, 144 App. Div. 846, 129 N. Y. S. 444, as follows: " 'If the fact of the voluntary cohabitation had been known to the court at the time of the entry of the final judgment, the final judgment would undoubtedly have been denied.' "

One of the important purposes of the law requiring 6 months to elapse between the entry of a decree of divorce, which in this state is in the nature of an interlocutory order, and before the same becomes final, is to give the parties a chance to effect a reconciliation which the law favors. Shinn v. Shinn, 148 Neb. 832, 29 N. W. 2d 629, 174 A. L. R. 510.

At the time plaintiff's counsel appeared before the district court on September 14, 1961, and procured the entry of what is described as a "modified decree," the divorce was not final because of the pending motion. Plaintiff argues the motion has never been heard. If that were true, the divorce would not be final. The new decree was presented to the court with the representation that both parties, through their respective counsel, had approved and consented to its entry. The only change it made was to modify the original decree so as to delete the provision that alimony payments should cease upon defendant's remarriage. The court had the power to modify the previous decree. The presentation of this new decree to the court by plaintiff's attorney, approved by defendant's attorney, was a representation that the parties had agreed on a new property settlement and by consent the decree was being submitted for approval. The court was justified in presuming the full agreement of the parties, and approved the settlement by signing the tendered decree. This decree became final 6 months thereafter. See Royal Trust Co. v. Exchange Bank of Cortland, 55 Neb. 663, 76 N. W. 425. It was to every intent and purpose a consent decree.

In Detter v. Erpelding, 176 Neb. 600, 126 N. W. 2d. 827, we held: "A consent decree is usually treated as an agreement between the parties. It is accorded greater force than ordinary judgments and ordinarily will not be modified over objection of one of the parties." See, also, Kanouff v. Norton, 160 Neb. 593, 71 N. W. 2d 89.

Plaintiff argues that the original decree provides for an unqualified allowance of alimony in gross. As originally drawn it did not so provide. Even if it had, that fact in the proper case would not divest the district court of the power to modify or vacate its decree, as provided by section 42-340, R. R. S. 1943.

There being no merit to plaintiff's assignments of error, the judgment herein is affirmed.

AFFIRMED.