SHARON Y. COLSON, APPELLANT AND CROSS-APPELLEE, V.
ROY H. COLSON, APPELLEE AND CROSS-APPELLANT.

339 N.W.2d 280

Filed October 21, 1983. No. 82-645.

Betsy G. Berger, for appellant.

James L. Haszard of Zimmerman & Haszard, for appellee.

KRIVOSHA, C.J., WHITE, and HASTINGS, JJ., and BRODKEY, J., Retired, and MURPHY, JOHN, D.J.

KRIVOSHA, C.J.

The appellant, Sharon Y. Colson, appeals from a judgment entered by the District Court for Lancaster County, Nebraska, dismissing her petition seeking to modify and reform a decree of divorce previously entered by the District Court. The decree, entered by the court on January 4, 1980, approved an oral property settlement agreement between the parties. Mrs. Colson maintains as her basis for such relief the fact that Mr. Colson failed to fully and honestly disclose to the trial court the extent of his assets prior to the entry of the decree, i.e., while he represented to the court that the estate of the par-

ties was in the amount of approximately $216,000, in fact it was well in excess of $650,000. While the record in this case is anything but a model of clarity, one fact does stand out. Specifically, Mr. Colson knowingly withheld information about the value of his estate from the trial court prior to the time the court entered the decree.

Mr. Colson argues that the District Court has jurisdiction to modify a property settlement contained in the divorce decree only during the 6-month period after the decree has been entered by the court. It is true that we have held previously that where a party to a divorce action, represented by counsel, voluntarily executes a property settlement agreement which is approved by the court and incorporated into a divorce decree from which no appeal is taken, the decree will not thereafter be vacated or modified as to such property provisions. See *Klabunde v. Klabunde*, 194 Neb. 681, 234 N.W.2d 837 (1975). One of the exceptions to the rule, however, is that the decree may be vacated or modified where there is evidence of fraud. See *Shinn v. Shinn*, 148 Neb. 832, 29 N.W.2d 629 (1947).

In the instant case, the decree entered on January 4, 1980, recites that the parties have entered into an oral property settlement agreement, the terms of which were acknowledged in open court, and thereafter approved by the court as fair and equitable and not unconscionable. In every case involving the dissolution of a marriage and the division of property, the trial court must examine how the property is being divided, even if by agreement of the parties; the court can only approve the agreement if the court finds the agreement is not unconscionable. See Neb. Rev. Stat. § 42-366 (Reissue 1978). The trial court, in reviewing the property agreement, is admonished not to regard the agreement lightly but, rather, is required to carefully scrutinize the agreement in order to be sure that neither party takes an unconscionable advantage over the other through

fraud. See, *Clatterbaugh v. Clatterbaugh*, 182 Neb. 160, 153 N.W.2d 749 (1967); *Diers v. Diers*, 185 Neb. 552, 177 N.W.2d 503 (1970). Whether the agreement is unconscionable or not is not subject to mathematical certainty and must be determined by the facts in each case. See *Van Pelt v. Van Pelt*, 206 Neb. 350, 292 N.W.2d 917 (1980).

Although the manner by which the court reaches its conclusion may vary from case to case, one fact is unquestionably clear—unless the trial court has *all* of the honest facts, it cannot possibly carry out its duty to first examine the agreement and then approve or reject the agreement. In order for the court to carry out its duty with regard to property settlement agreements, it seems clear, beyond question, that the parties must be honest and candid with the court so that the court may have all of the proper and necessary information before it in order to make its decision.

The evidence is without dispute that perhaps there were as many as 11 pieces of real estate, the existence of which was withheld from the court's knowledge prior to the time the agreement was approved and the decree was signed. Examples of the omitted property include a residence located at 14200 Pioneers Boulevard. Mrs. Colson testified that this property was sold for around $60,000. Mr. Colson responds, in his brief, that there is no indication where this information was obtained; however, no objection was made when Mrs. Colson testified regarding the property or its value. Likewise, Mrs. Colson testified about property described as Lot 5, Block 5, Briarhurst, Lincoln, which she maintains was sold for $15,000 or $16,000. Again, Mr. Colson questions the source of Mrs. Colson's information, but he made no objection to her testimony at the time of trial. Mrs. Colson further testified that a residence at 5621 Tipperary Trail in Lincoln was sold for $70,000 and the sale was not reported to the court. Mr. Colson's answer regarding this omitted prop-

erty is that the payment check, exhibit 20, was issued jointly to him and Mrs. Colson and therefore she is somehow precluded from objecting to this omission. Finally, Mr. Colson admits that he omitted a house being built upon a parcel of ground described as Lot 13, Taylor Meadows, an addition to the City of Lincoln, Lancaster County, Nebraska. These are but a few examples of the 11 tracts not disclosed to the court prior to the entry of the decree.

Mr. Colson argues that while these lots were not described in answers to interrogatories or in an exhibit required to be prepared by court rule, they were attached to the decree when the decree was signed, thereby putting everyone on notice. The fact that a decree is submitted and representations made to the court that the decree contains a description of matters previously disclosed to the court and agreed to by the parties, when, in fact, they were not, is not sufficient to overcome an objection of fraud.

There are a number of bank accounts, some of which appear to be in Mr. Colson's name. He maintains that, while they are in his name, he has no control over them nor any rights to them. That may or may not be true. Clearly, the information was never conveyed to the court.

Here, we are not just concerned with the fact that Mr. Colson withheld information from Mrs. Colson; we are further concerned with the fact that Mr. Colson clearly withheld information from the court which the court needed in order to carry out its function of approving or disapproving the property settlement agreement. While we do not mean to imply that the omission of any item of property will justify setting aside a previously approved property settlement agreement, where, as here, the omissions are gross and significant so as to interfere with the court's duty to scrutinize the agreement, the agreement must be set aside. It is to prevent exactly

what appears to have transpired in the instant case that courts must determine that property settlement agreements are not unconscionable. There may be explanations for all of these matters. We are not at this time passing upon that fact. What we are passing upon is the fact that the trial court was not able to sort out the truth of the matter, and therefore not able to determine whether an equitable division was agreed to by the parties. The courts cannot tolerate persons intentionally withholding information required to be furnished to the court. Where one attempts to take advantage of the court in that fashion, one must suffer the consequences if caught. For these reasons we reverse the decision of the trial court and on remand order that a hearing be held as to all of the properties in which the parties appear to have had any interest at the time of the divorce, so that the court might make a fair and equitable division, taking into account any and all properties previously acquired by either party as separate property. In so doing we do not in any manner modify or affect that portion of the decree entered on January 4, 1980, which dissolved the marriage of the parties, but only that portion which approved the property settlement agreement of the parties.

One other matter requires our attention. Mr. Colson has cross-appealed from that portion of the District Court's order which required Mr. Colson to pay Mrs. Colson $1,000 to apply toward her attorney fees on appeal. We need not consider that assignment, however, because we specifically award an attorney fee to Mrs. Colson in the amount of $1,500 to apply toward her attorney fees in this court. The sum is assessed as costs against Mr. Colson. This fee is to be in lieu of any fee awarded by the trial court on appeal, and to the extent Mr. Colson has paid any portion of the $1,000 previously ordered by the trial court, he is to receive credit against the $1,500 ordered paid herein.

The judgment is reversed and the cause remanded with directions.

REVERSED AND REMANDED WITH DIRECTIONS.