## ELIZABETH KELLY, APPELLANT AND CROSS-APPELLEE, V. DANIEL KELLY, APPELLEE AND CROSS-APPELLANT.

370 N.W.2d 161

Filed July 12, 1985.   No. 84-387.

Eric W. Kruger of Bradford & Coenen, for appellant.

Michael L. Schleich of Fraser, Stryker, Veach, Vaughn, Meusey, Olson, Boyer & Bloch, P.C., for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This is an appeal from the order of the district court for Douglas County terminating alimony payments to appellant wife as of April 1986.

The parties were divorced in December of 1975. At the time the decree was entered, the parties had two minor children who have since reached their majority. The appellee husband was and is an agent with the Federal Bureau of Investigation. At the time of a prior modification hearing in early 1977, he earned approximately $35,000 a year; and at the time of the current hearing for modification, he earned approximately $58,000 a year. At the time of the dissolution, appellant wife was not employed; but at the time of the current hearing on the order for modification, she earned approximately $22,000 a year, including the sum of $5,000 per year as interest from an inheritance received from her deceased father.

As a part of the original decree of divorce, the trial court found:

That Petitioner is presently unemployed but capable of securing employment. That Petitioner should advise the

Court at six month intervals as to her employment status and as to the amount of income she has received during that certain six month period. She should advise the Court by filing an affidavit stating the above and foregoing.

Admittedly, in 1976 the appellee husband filed a motion for reduction of the alimony award, and evidence was adduced that the appellant's income was then $11,000. At that time the alimony was reduced from $300 per month to $200 per month. The evidence indicates that appellee continues to contribute to his now emancipated children in the sum of $200 per month each, to aid them in their educational expenses, though not obligated to do so by the original decree.

Pursuant to appellee's second application to modify the decree by revoking alimony, additional evidence was heard by the trial court concerning appellee's approaching retirement. According to appellee's testimony, his retirement pay would be approximately one-half of his gross income at the time of his retirement. Appellee has remarried and is supporting his fifth wife and three minor children. Appellant has a net worth of $97,000, including an inheritance from her father of approximately $50,000. Appellee indicates that his net worth is less than one-half of appellant's and that his expenses were considerably more than that of the appellant, and further argues that she appeared well able to support herself.

The appellee argues here that the court's order terminating the alimony reflected the original concern of the trial judge in granting alimony in the first instance because of the appellant's then status as being unemployed. Appellant argues that the trial court considered the fact of her later employment in the 1977 reduction and took it into account when the judge reduced the alimony from $300 to $200 per month.

"In a proceeding to modify an alimony award, § 42-365, that matter is initially entrusted to the sound discretion of the trial judge, which matter, on appeal, will be reviewed de novo on the record and affirmed in the absence of an abuse of the trial judge's discretion." *Creager v. Creager*, 219 Neb. 760, 763, 366 N.W.2d 414, 416 (1985).

In determining whether there has been a change of circumstance, the fact that income has increased is a

circumstance that may be considered. *Creager, supra.* Also to be considered is appellant's return to full-time employment and increase in income as a result thereof, which factors were within the reasonable contemplation of the parties at the time of the dissolution. *Albers v. Albers,* 213 Neb. 471, 329 N.W.2d 567 (1983). As the return to full-time employment of the appellant was contemplated by the original decree, the resulting increase of income to a full-time employee was necessarily also contemplated.

Employment was considered in 1977 by the trial court in the reduction of alimony from $300 to $200 per month. Since that time, there has been no significant change in circumstances which justified the trial court in ordering the alimony terminated.

Upon our de novo review we find that we disagree with the decision reached by the trial judge and that the trial court abused its discretion in terminating the alimony. The decision is reversed. We therefore need not discuss appellee's cross-appeal requesting immediate termination of alimony payments. Appellant's counsel is awarded a fee of $500 for services in this court.

REVERSED.