MICHAELINE K. WALTON, APPELLANT, V. DAVID J. WALTON, APPELLEE.

371 N.W.2d 292

Filed August 2, 1985.   No. 84-595.

Walter M. Calinger, for appellant.

Joseph P. Caniglia of Seminara, Caniglia, Turco, McCarthy & Sacoman, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This is an appeal by Michaeline K. Walton, the mother of David Jay Walton, from an order of the district court for Douglas County, Nebraska, placing possession of the parties' 8-year-old son with the appellee father and removing the custody from the appellant mother. As this is a change of custody, we are governed by the rule recently announced in *Boll v. Boll*, 219 Neb. 486, 488, 363 N.W.2d 542, 544 (1985):

> In actions seeking modification of the trial court's order as to the custody of children in a marriage dissolution case, this court must, on appeal, review de novo the trial court's determination with regard to whether a change of circumstances has occurred which justifies the modification of the earlier custody order. We are required

to make independent conclusions of fact without reference to the conclusion reached by the trial court, but we will give weight to the fact that the trial court observed the witnesses and has accepted one version of the facts rather than the opposite.

We further said in that case, "In a modification hearing to determine who should have custody of the children, the paramount consideration is the best interests of the children." *Id*.

The marriage of the parties was dissolved on December 10, 1982. Custody of the minor child, David Jay Walton, was awarded jointly to the parties, with possession awarded to the appellant, Michaeline K. Walton. The child, David Jay Walton, was approximately 7 years of age at the date of the dissolution.

After an extended hearing the trial court determined that custody of the child be placed with the court and possession of the child should be placed in the appellee, with provisions for a review 1 year hence. This court has previously expressed its reservations about the concept of joint or shared custody and also its reservations about the periodic review provision of the court's decree, specifically as to whether or not such a review allows the court to depart from the standards reaffirmed in *Boll v. Boll, supra*, in orders affecting custody.

The extended hearing discloses that the separation and divorce had a very traumatic effect on the minor child. There is evidence in the record which suggested that the child had acquired deep psychological problems, specifically with identification with whichever parent then had custody, and some suggestion of severe prevarication concerning the activities of the nonpossessory parent. The evidence tended to establish and the trial court believed that the appellant contributed to the child's psychological problems by denigration of the appellee father and resisted and hampered the visitation efforts of the father. There was an extended investigation by a court-appointed guardian ad litem for the child and extended psychological testimony. No benefit would be obtained by reciting the details of the psychological evidence except to comment that the trial court believed and we believe that emotional problems of the appellant, culminating in a

rather violent confrontation in a McDonald's parking lot in which the appellant crashed the automobile she was driving into the automobile being operated by the appellee, establish that a change of circumstances is present in this case meriting the change of custody.

The trial court was impressed, as we were, with the obvious desire of each of the parents to obtain custody of the child and their love of the child. The trial court believed, and we are inclined to believe, that the general emotional stability of the child has improved since the episode almost 2 years prior to the date of this opinion, when custody was transferred to the husband after the confrontation in the parking lot.

We therefore hold on a review de novo that there has been a sufficient change of circumstances, that is, the emotional disturbance of the minor child and the subsequent improvement in the child's care while in the custody of the father, to justify the order changing custody. We therefore affirm.

AFFIRMED.