DEBRA ANN RIDDLE, APPELLEE, V. MICHAEL JOSEPH RIDDLE, APPELLANT.

375 N.W.2d 143

Filed October 25, 1985.   No. 85-115.

G. Peter Burger of Burger, Bennett & Green, P.C., for appellant.

Eric B. Eisenhart, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

KRIVOSHA, C.J.

The marriage of the appellant, Michael Joseph Riddle (husband), and the appellee, Debra Ann Riddle (wife), was dissolved by order of the district court for Furnas County, Nebraska, on October 8, 1981. As part of its decree, the court granted the custody of the parties' minor child to the wife and granted to the husband rights of visitation.

On July 19, 1984, the husband filed a motion seeking an order changing custody of the parties' minor child from the wife to him. Trial on the matter was commenced on August 23, 1984, at which time the wife requested that the court approve the transfer of the minor child from Nebraska to Longmont, Colorado, where the wife and her current husband reside. At the close of the evidence, the court overruled the husband's motion to modify the decree and, further, sustained the wife's request to transfer the child to Longmont, Colorado. It is from this order which the husband now appeals. He assigns as error that the district court erred in (1) failing to grant him custody as requested, (2) permitting the minor child to be moved to the State of Colorado, and (3) conducting an in camera interview of the minor child outside the presence of the parties. For reasons more particularly set out herein, we affirm the judgment of the district court.

We may quickly dispose of the husband's third assignment,

regarding the in camera interview of the minor child. The bill of exceptions discloses that the interview was conducted in the presence of counsel for the parties, though the parties themselves were absent. Furthermore, all of the interview, including cross-examination by both attorneys through the use of questions submitted beforehand to the district judge, is on the record. However, we need not decide whether such an interview was proper, because in matters such as modification of a divorce decree, as in all other matters involving the dissolution of marriage, our review is de novo on the record, see, *Walton v. Walton*, 220 Neb. 625, 371 N.W.2d 292 (1985), *Creager v. Creager*, 219 Neb. 760, 366 N.W.2d 414 (1985), and *Kelly v. Kelly*, 220 Neb. 441, 370 N.W.2d 161 (1985), and in this case we have simply elected to disregard the in camera interview in arriving at our conclusion. An examination of that portion of the record would disclose that, in any event, the questions asked of the 6-year-old child produced little, if any, information that would be of assistance to this court in arriving at its decision.

We turn, then, to the principal issue raised by the husband. That is, whether the trial court was in error when it refused to modify that portion of the decree which had granted custody of the minor child to the wife. In *Walton v. Walton, supra* at 626, 371 N.W.2d at 293, we recently repeated the oft-cited rule in cases of this type to the effect that " '[i]n a modification hearing to determine who should have custody of the children, the paramount consideration is the best interests of the children.' "

In support of the husband's petition, he introduced considerable evidence, the details of which we need not here recite, concerning the behavior of the wife prior to June 9, 1983. Much of the evidence was presented by reason of a diary kept by the wife from January 1 until June 9, 1983, when the husband apparently acquired possession of the diary. Had that evidence been presented to the trial court at the time the marriage was dissolved and, in fact, had the wife's lifestyle been, at the time the decree was entered, identical with what the evidence disclosed it was between January 1 and June 9, 1983, the district court may well have been justified in granting custody of the parties' minor child to the husband. However,

the record also discloses that for more than a year before the hearing on the application to modify, the wife had substantially changed her lifestyle for the better. She had married and had, so far as the evidence disclosed, discontinued all of the activities upon which the husband relied in seeking to change the custody of their minor child.

Moreover, the record discloses that although all of this information apparently came to the husband's knowledge at the latest on or shortly after June 9, 1983, it was not until more than a year later, on July 19, 1984, that he filed his application to change custody. One is inclined to believe that the husband did not find such behavior so outrageous until it appeared to be beneficial to raise the issues, or, if he found such behavior detrimental to the child, one is hard pressed to understand why he remained silent for such a long time.

While there are no hard-and-fast rules which can be set down in cases of this nature, it appears to us that in determining whether the custody of a minor child should be changed, the evidence of the custodial parent's behavior during the year or so before the hearing on the motion to modify is of more significance than the behavior prior to that time. What we are interested in is the best interests of the child now and in the immediate future, and how the custodial parent is behaving now is therefore of greater significance than past behavior when attempting to determine the best interests of the child. We are not unwilling to accept the fact that people do mature and can, if motivated, change their ways.

Cases of this type are never easy to decide, and where, as here, both parents apparently love and care for their child, the decision is even more difficult. Yet, unless one is willing to submit the child to the sword of Solomon, only one of the parties can prevail. That should not, however, prevent the other from continuing to provide love and affection, free of stress and strife, to the child. In any event, we have only one of two choices—either affirm the action of the district court and leave the child with the wife or reverse the judgment of the district court and award the custody of the child to the husband. Either decision will produce some disappointment.

While we are required to make independent conclusions of

fact without reference to the conclusions reached by the trial court, we nevertheless recognize that the trial court had the opportunity to see and hear the witnesses. Furthermore, because such matters are initially entrusted to the sound discretion of the trial judge, in the absence of an abuse of the trial judge's discretion, on appeal to this court the judgment of the trial court should be affirmed. See *Guggenmos v. Guggenmos*, 218 Neb. 746, 359 N.W.2d 87 (1984). Our examination of the record de novo discloses that the district judge did not, in any manner, abuse his discretion when he refused to change the custody of the minor child.

We further believe that having once determined that the custody of the minor child should not be changed, the evidence readily supports the district judge's determination that the minor child should be permitted to reside with the wife and her present husband in Colorado, subject to her former husband's reasonable rights of visitation. No good reason exists for requiring the wife to reside in Nebraska, away from her present husband. The evidence does not disclose that this arrangement will deny to the husband reasonable rights of visitation, though, obviously, it will make them more difficult.

While the record discloses that there have been material changes of circumstances which entitled the district court to consider the best interests of the child, we conclude that the decision reached by the district judge in this regard was in all respects correct. The judgment of the district court is affirmed.

AFFIRMED.