SOLVEIG A. SLOSS, APPELLEE, V. PIERCE T. SLOSS, APPELLANT.
452 N.W.2d 516

Filed March 9, 1990.    No. 87-1067.

Paul E. Galter, of Bauer, Galter & O'Brien, for appellant.

Pamela J. Vuchetich for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

WHITE, J.

Respondent husband, Pierce T. Sloss, appeals from the order of the district court denying his application to modify the decree of dissolution's alimony provisions. Appellant assigns error to the trial court in failing to find that there had been a material change in circumstances and in failing to modify appellant's alimony obligation. We affirm.

We affirmed the trial court's denial of a similar application in a prior appeal by appellant, and we refer to that opinion for the facts of this case up to 1981. See *Sloss v. Sloss*, 212 Neb. 610, 324 N.W.2d 663 (1982).

In the present case, appellant claims that the passage of the Tax Equity and Fiscal Responsibility Act (TEFRA) in late 1983 dramatically reduced his income beginning in 1984. From 1981 through 1983, appellant's total income averaged $212,583 per year. From 1984 through 1986, appellant's total income averaged $60,826. There is no further evidence in the record, other than appellant's testimony, that TEFRA was the cause of appellant's reduction in income. Appellant claims that he has suffered a severe reduction in assets and that his personal living expenses have tripled since the divorce in 1974.

Upon the passage of TEFRA, however, appellant formed a professional corporation, Associated Physicians Services, P.C., in which appellant is sole stockholder and president. Appellant testified generally as to the assets, liabilities, revenues, and expenses of the corporation, but the record is not completely clear as to some aspects of the corporation. In particular, it is unexplained as to the disposition of the fairly substantial amount of retained earnings.

The situation of Solveig A. Sloss, the appellee wife herein, appears to be generally unchanged from the earlier modification action, except that she claims that her assets have declined greatly since 1980. She has made numerous efforts to

secure employment, but has been ultimately unsuccessful. At the time of trial, appellee was contemplating looking for a job as an apartment resident manager.

In dissolution of marriage cases, actions for modification of alimony will, on appeal, be reviewed de novo on the record and affirmed in the absence of an abuse of the trial judge's discretion; however, where evidence is in conflict, the Supreme Court will give weight to the fact that the trial judge observed and heard the witnesses and accepted one version of facts rather than another. *Cooper v. Cooper*, 219 Neb. 64, 361 N.W.2d 202 (1985); *Creager v. Creager*, 219 Neb. 760, 366 N.W.2d 414 (1985). See, also, *Kelly v. Kelly*, 220 Neb. 441, 370 N.W.2d 161 (1985).

From our de novo review of the record, we cannot say that the trial court abused its discretion in finding that the appellant has failed to establish a material change in circumstances such as to justify modification of the decree of dissolution. The judgment of the trial court is therefore affirmed.

AFFIRMED.