WILLIAM H. NORTHWALL, APPELLEE, V. ROSEMARY K. NORTHWALL, APPELLANT.

469 N.W.2d 136

Filed May 10, 1991.   No. 89-159.

Sarah J. Shofstall, of Sidwell & Shofstall, for appellant.

Thomas W. Tye II, of Tye, Hopkins & Tye, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

This is an appeal from the order of the district court denying the appellant's application to modify a decree in a marriage dissolution proceeding. The respondent's application requested an increase in alimony and child support.

The marriage of the parties was dissolved on January 15, 1986. The decree of dissolution incorporated the terms of the parties' property settlement agreement. At the time the decree was entered, the parties had two minor children, who have since reached the age of majority.

The property settlement agreement and decree divided the substantial assets of the marriage and obligated the appellee to pay $2,000 a month in alimony to the appellant for 120 months and child support of $500 per month per child. The appellant was awarded several parcels of real estate, including an Omaha apartment property, securities, and $55,000 in cash.

The agreement stated that the appellee would have future income of $120,000 a year from his medical practice and that the appellant, in entering into the agreement, was relying upon the appellee's statement that his income from his medical practice would be approximately $120,000 a year.

On August 15, 1988, the appellant filed the application for modification, alleging there had been a material change in

circumstances since the time of the decree in that the appellee's income had increased and the appellant's income had decreased. The application to modify was heard on December 20, 1988.

At the time of the modification hearing, the appellant was taking classes to obtain a master's degree in agency counseling. She was working at three part-time jobs and anticipated she would earn approximately $1,500 in 1988 from those jobs. The appellant had not sought full-time employment because she wanted to be at home over the lunch hour and after school for her son, who was then 16 years old and a junior in high school. Her daughter, who would be 19 years old on February 3, 1989, was attending college in New York, and her expenses were being paid by the appellee and from a trust fund.

The appellant is a certified elementary teacher but has not pursued a teaching career since the birth of her first child. At the time of the hearing, she had completed approximately 20 hours of college credits beyond her bachelor's degree.

The appellant testified that the base salary for teachers in the Kearney public school district was $14,700 and that the salary for a teacher with a bachelor's degree plus 18 hours was $16,895. The appellant was unable to work as a teacher in the Kearney school district because she was a member of the school board.

The appellant had anticipated a monthly income of $1,000 from the Omaha apartment property; however, she received no income from the property in 1988 and had invested approximately $10,000 to keep the property in repair. The expenses were incurred for ordinary repair costs, and part of the decreased income was caused by an increase in the interest rate on the debt. At the time of the decree, the appellant was aware of the debt on the property, the increase in interest expense for it, and the normal expenses incurred in owning that type of asset.

The appellee is a radiologist who practices with Great Plains Radiology and Nuclear Medicine in Kearney, Nebraska. His W-2 form wages were $169,750 for 1985, $137,686 for 1986, and $396,115 for 1987. The appellee testified the income increase was partially the result of a reduction in the number of

radiologists employed by Great Plains Radiology and that the business was anticipating hiring one or two more radiologists. Great Plains Radiology contributes 25 percent of the appellee's salary, up to $120,000 a year, which is tax deferred, to his pension and profit-sharing plan.

At the time of the dissolution, the parties were anticipating a decrease in the appellee's income because of changes in medicare payments, because Great Plains Radiology had lost contracts with four hospitals, and because of a federal antitrust lawsuit pending against the appellee personally and Great Plains Radiology.

At the modification hearing, the appellee, his accountant, and a radiologist from Grand Island testified concerning the effect on income from changes in medicare payments which were to go into effect in 1989. All three witnesses estimated that the changes would decrease the appellee's income by approximately 20 percent because the medicare changes would decrease payments to Great Plains Radiology by about 50 percent, and 40 percent of Great Plains Radiology's patients were medicare patients.

The trial court found the appellee's gross wages, including corporate equity, averaged $227,521 for 1984 and 1985, and $228,284.50 for 1986 and 1987, based on wages which for 1984 were $164,652, for 1985 were $290,390, for 1986 were $149,270, and for 1987 were $307,299. Based on these averages, the trial court concluded that there had not been a substantial change in the appellee's income which would justify increasing the child support or alimony.

The appellant argues the trial court erred in denying her application to modify because it did not consider the $120,000 figure contained in the property settlement agreement in determining whether there had been a material change in circumstances.

Both children have now reached the age of majority and have not required child support for some time. Their college and living expenses are paid by the appellee and from trust funds. Therefore, it is unnecessary to consider the request for an increase in child support.

Modification of an alimony award is a matter initially

entrusted to the discretion of the trial court, and such a decision on appeal is reviewed de novo on the record and affirmed in the absence of an abuse of discretion. *Kelly v. Kelly*, 220 Neb. 441, 370 N.W.2d 161 (1985).

Neb. Rev. Stat. § 42-365 (Reissue 1988) provides that an order for alimony may be revoked or modified "for good cause shown." Good cause is demonstrated by a material change in circumstances. *Cooper v. Cooper*, 219 Neb. 64, 361 N.W.2d 202 (1985).

"Any changes in circumstances which were within the contemplation of the parties at the time of the decree, or that were accomplished by the mere passage of time, do not arise to the level to justify a change or modification of the order." *Id.* at 66, 361 N.W.2d at 204. An increase in income is a circumstance that may be considered in determining whether alimony should be modified. *Kelly, supra.*

Apparently, the only evidence as to income which was before the trial court in this case at the time of the decree was contained in the property settlement agreement, and the parties are bound by that stipulation. See *Martin v. Martin*, 188 Neb. 393, 197 N.W.2d 388 (1972). The agreement stated that the appellee's earnings would be approximately $120,000 per year. The property settlement agreement awarding the appellant alimony of $2,000 a month for 120 months was entered into by the parties and approved by the court based upon the amount stated in the agreement.

The evidence at the hearing on the application to modify shows there was a substantial increase in the appellee's income in 1987 over the $120,000-a-year figure stated in the agreement. In 1987, the appellee's taxable income was $396,115, in addition to the $98,125 deferred income credited to his retirement account. This increase in income demonstrated that there had been a material and substantial change in circumstances and that the trial court abused its discretion in denying the appellant's application to modify.

We believe it would be inadvisable to modify the alimony provisions in the decree based upon the information available to us at this time. The record contains evidence as to the appellee's income since the decree for only 1986 and 1987. We

think it is important that evidence be submitted to the trial court as to the appellee's income for 1988, 1989, and 1990 so that a determination can be made on the past 5 years' experience. At the hearing on the application to modify, the appellee testified that his salary from the professional corporation would be "approximately $120,000 per year or less."

The judgment is reversed and the cause remanded for further proceedings to determine an appropriate amount of alimony. All costs are taxed to the appellee, and the appellant is allowed $2,500 for services of her attorney in this court.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.