DIANNE CLARISSA DESJARDINS, APPELLEE, V. PHILIP DELPHIN DESJARDINS, APPELLANT.
479 N.W.2d 451

Filed January 31, 1992.   No. 89-651.

Steven M. DeLaney, of O'Hanlon Law Offices, for appellant.

Steven J. Lustgarten and Michael B. Lustgarten, of Lustgarten & Roberts, P.C., for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

The respondent, Philip Delphin Desjardins, appeals the judgment of the district court increasing his alimony obligation from $100 per month to $600 per month.

The modification of an alimony award is a matter initially entrusted to the discretion of the trial court. On appeal, such decisions are reviewed de novo on the record and are affirmed in the absence of an abuse of discretion. *Northwall v. Northwall*, 238 Neb. 76, 469 N.W.2d 136 (1991).

The record shows that the parties were married on June 12, 1959, and had four sons, the youngest of whom was born in October 1965. The marriage was dissolved on December 22, 1971. Pursuant to what is commonly known as a "consent decree," the husband was ordered to pay child support of $100 per month per child until each child was emancipated or reached the age of 21. He was further ordered to pay alimony of $200 per month from January 1, 1972, until September 1, 1972, on which date the alimony obligation would be reduced to $100 per month.

On October 5, 1988, the wife filed an application to modify the decree, asking that the alimony award be increased to $750 per month pursuant to Neb. Rev. Stat. § 42-365 (Reissue 1988). The record shows that she has not remarried, has raised the four children, and has held numerous jobs since 1971, including

fundraising, teaching aerobics classes, office cleaning, and selling real estate. Her Realtor's license is inactive, and she is currently employed as a loan officer at a bank in Bellevue. The wife has net monthly income of approximately $1,068.64, including the alimony payments.

The wife testified that she has used her wages and payments from the husband primarily to raise and educate the parties' four sons, all of whom have college educations. The child support order was terminated on January 28, 1985, after the parties entered into a separate agreement relating to the education and school expenses of the two youngest sons. Apparently, the husband agreed to pay educational expenses plus $150 per month for the two boys, who are presently living with their mother. He testified that he has done "[j]ust that" and has not made any other voluntary payments to the boys.

The husband was a major in the Air Force when the marriage was dissolved. He earned a master's degree in systems management, retired as a colonel after 28 years of service, and has been employed as a financial manager at General Dynamics since November 1983. He testified that he received $10,530.50 gross monthly income as follows: $5,558.33 from current employment, $2,296.15 in pension benefits, $513.75 in VA disability benefits, and $2,162.27 from investments. The husband now lives in San Diego, California, owns a $240,000 house, and has monthly living expenses of $1,622.28.

Alimony awards entered pursuant to a consent decree may be modified pursuant to § 42-365, which provides that such orders may be revoked or modified "for good cause shown." See, *Chamberlin v. Chamberlin*, 206 Neb. 808, 295 N.W.2d 391 (1980); *Cooper v. Cooper*, 219 Neb. 64, 361 N.W.2d 202 (1985); *Sloss v. Sloss*, 212 Neb. 610, 324 N.W.2d 663 (1982). We have said that good cause is demonstrated by a material change in circumstances, but any changes in circumstances which were within the contemplation of the parties at the time of the decree, or that were accomplished by the mere passage of time, do not justify a change or modification of the order. See *Cooper v. Cooper, supra*.

In increasing the husband's alimony obligation from $100 to $600 per month, the district judge found that the evidence in the

case showed a material and substantial change of circumstances not contemplated by the parties, "the disparity in income and income earning capacity being astronomical." The court further stated that "the Respondent may claim that his former wife . . . has no equitable right to share in his continued efforts, hard work and good future, but the Court finds that the fact is, by entry of the Decree as they agreed upon, he gave her this legal right."

There is no evidence in the record tending to show that the wife's situation has materially changed since the original decree was entered. The issue in this case is whether the husband's increase in income, by itself, constitutes a material and substantial change in circumstances, or "good cause," which justifies a modification of the alimony order.

An increase in a party's income is a circumstance that may be considered in determining whether alimony should be modified. *Northwall v. Northwall*, 238 Neb. 76, 469 N.W.2d 136 (1991); *Kelly v. Kelly*, 220 Neb. 441, 370 N.W.2d 161 (1985). However, in recent cases we have considered this factor in conjunction with changes in the other party's situation. See, e.g., *Northwall v. Northwall, supra* (wife alleging that husband's income had increased and that hers had decreased); *Cooper v. Cooper, supra* (increase in wife's income, together with decrease in husband's income, did not justify decreasing husband's total alimony obligation); *Sloss v. Sloss, supra* (no material change in circumstances where both parties' financial conditions improved); *Kelly v. Kelly, supra* (no material change of circumstances existed when wife's return to full-time employment and resulting increase in income were contemplated in the original decree). See, also, *Creager v. Creager*, 219 Neb. 760, 366 N.W.2d 414 (1985); *Sholl v. Sholl*, 216 Neb. 289, 343 N.W.2d 742 (1984).

Although this court has the authority to modify consent decrees, see *Chamberlin v. Chamberlin, supra,* we have held that " '[a] consent decree is usually treated as an agreement between the parties. It is accorded greater force than ordinary judgments and ordinarily will not be modified over objection of one of the parties.' " *Lawson v. Lawson*, 185 Neb. 164, 167, 174 N.W.2d 202, 205 (1970) (quoting *Detter v. Erpelding*, 176

Neb. 600, 126 N.W.2d 827 (1964)).

In the present case, the husband had his college degree before the parties were married. When the original decree was entered, he had served more than one-half the time required in order to be eligible for military retirement. He earned his master's degree after the marriage was dissolved and has displayed a talent for investing his money. When the marriage was dissolved, the parties specifically agreed that the wife would receive $100 per month alimony for life or until she remarried.

Under the circumstances, we find that the trial court abused its discretion in finding the evidence showed a material and substantial change of circumstances not contemplated by the parties at the time of the decree.

The judgment of the district court is reversed, and the cause is remanded with directions to dismiss the wife's application to modify the decree.

REVERSED AND REMANDED WITH DIRECTIONS.