PATRICIA A. HOSHOR, APPELLEE AND CROSS-APPELLANT, V.
JIM A. HOSHOR, APPELLANT AND CROSS-APPELLEE.
580 N.W. 2d 516

Filed June 12, 1998.   No. S-96-1317.

Gregory C. Scaglione and David M. Dvorak, of Koley, Jessen, Daubman & Rupiper, P.C., for appellant.

Neil W. Schilke, of Sidner, Svoboda, Schilke, Thomsen, Holtorf, Boggy & Nick, for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MCCORMACK, JJ.

GERRARD, J.

The marriage of Patricia A. Hoshor and Jim A. Hoshor was dissolved in 1982 pursuant to a consent decree. The decree pro-

vides that "[the wife] should receive one-fourth of any payments received from the pension and retirement plan by [the husband] at the time such payments are received." In 1996, the wife filed an application for entry of a Qualified Domestic Relations Order (QDRO), authorizing the plan administrator to distribute one-fourth of the husband's pension payments to her. The husband filed a responsive pleading to the application, objecting to the requested QDRO. The husband further filed a cross-application to modify the decree, alleging that the district court lacked jurisdiction in the original decree to authorize the distribution of pension benefits earned by him after the termination of the parties' marriage or, alternatively, that the decree should be modified to limit the wife to pension benefits earned during the marriage. Finding that jurisdiction was proper and that the decree was clear and unambiguous, the district court entered a QDRO, entitling the wife to one-fourth of any pension payments received by the husband without offsetting postdivorce accumulations to the pension. Because we determine that a trial court has jurisdiction to approve and incorporate into a consent decree a term in a property settlement agreement to divide pension benefits earned after the termination of the marriage and because the district court did not abuse its discretion in refusing to modify the consent decree, we affirm the judgment of the district court.

## BACKGROUND

Patricia A. Hoshor and Jim A. Hoshor were married in 1957 and were divorced on July 23, 1982, pursuant to a consent decree. Paragraph 10 of the consent decree provides that "[the husband] is the beneficiary of a pension and retirement plan . . . . [The wife] should receive one-fourth of any payments received from the pension and retirement plan by [the husband] at the time such payments are received." No appeal was taken by either party from the entry of the consent decree.

At the request of the plan administrator and in anticipation of the husband's February 1998 retirement, the wife, on August 20, 1996, filed an application for entry of a QDRO, authorizing the plan administrator to distribute one-fourth of the husband's pension payments to her. The husband filed a responsive plead-

ing to the application, alleging that the wife was only entitled to one-fourth of the value of his pension plan as of July 23, 1982, the date of the divorce decree. The husband further filed a cross-application to modify the consent decree to limit the wife to her pro rata share in the pension benefits earned during the parties' marriage. In this regard, the husband asserted that the district court lacked jurisdiction to enter the consent decree, as well as the QDRO, because Nebraska law provides that a court may include in the marital estate only that portion of a pension existing at the time of the dissolution.

Following a bench trial, the district court found that jurisdiction was proper with respect to the 1982 dissolution proceedings and that even if the decree was erroneous, the husband could not collaterally attack the original decree in the instant proceeding. In addition, the district court, upon finding that the decree was clear and unambiguous, entered a QDRO consistent with the decree, distributing one-fourth of any pension payments received by the husband to the wife without offsetting postdivorce accumulations to the pension. Finally, the district court denied the wife's request for the payment of attorney fees as a result of frivolous or bad faith conduct on the part of the husband or his counsel. The husband appeals, and the wife cross-appeals.

## STANDARD OF REVIEW

Subject matter jurisdiction is a question of law for the court. *Miller v. Walter*, 247 Neb. 813, 530 N.W.2d 603 (1995). A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent from the lower court's decision. *Big John's Billiards v. Balka*, ante p. 528, 577 N.W.2d 294 (1998); *Bonge v. County of Madison*, 253 Neb. 903, 573 N.W.2d 448 (1998).

The determination as to modification of a dissolution decree is a matter of discretion for the trial court, and its decision will be reviewed on appeal de novo on the record and will be reversed upon an abuse of discretion. *Adrian v. Adrian*, 249 Neb. 53, 541 N.W.2d 388 (1995). Furthermore, the decision to award attorney fees rests within the trial court's discretion. *DeVaux v. DeVaux*, 245 Neb. 611, 514 N.W.2d 640 (1994);

*Meyers v. Meyers*, 222 Neb. 370, 383 N.W.2d 784 (1986). On appeal, a trial court's decision awarding or denying attorney fees will be upheld absent an abuse of discretion. *DeVaux v. DeVaux, supra*. A judicial abuse of discretion exists when a judge, within the effective limits of authorized judicial power, elects to act or refrain from acting, but the selected option results in a decision which is untenable and unfairly deprives a litigant of a substantial right or a just result in matters submitted for disposition through a judicial system. *Tyler v. Tyler*, 253 Neb. 209, 570 N.W.2d 317 (1997).

## ASSIGNMENTS OF ERROR

The husband assigns as error: (1) The district court lacked jurisdiction to enter the consent decree, as well as the QDRO, authorizing the plan administrator to distribute to the wife pension benefits earned by him after the termination of the parties' marriage and (2) the district court abused its discretion in refusing to modify the consent decree to limit the wife to one-fourth of the pension benefits earned by him during the parties' marriage.

In her cross-appeal, the wife contends that the district court abused its discretion in denying her request for an award of attorney fees.

## ANALYSIS

A consent decree is treated as an agreement between the parties. *Desjardins v. Desjardins*, 239 Neb. 878, 479 N.W.2d 451 (1992). The provision of the consent decree at issue in the instant case provides that "[the husband] is the beneficiary of a pension and retirement plan . . . . [The wife] should receive one-fourth of any payments received from the pension and retirement plan by [the husband] at the time such payments are received." The husband asserts that the district court lacked jurisdiction to approve a term in the parties' agreement to divide pension benefits earned by him after the termination of the parties' marriage because Nebraska law provides that such property is not included in the marital estate. The husband further contends that even if jurisdiction is proper, the consent decree should be modified to limit the wife to one-fourth of the pension benefits earned by him during the parties' marriage.

The wife, on the other hand, claims that the plain language of the consent decree dictates that she is entitled to one-fourth of the pension benefits when they are ultimately determined and distributed to the husband, regardless of whether there has been an increase in the pension benefits because of postdivorce events. The wife contends that at the time of dissolution, the value of the pension plan was unascertainable, and thus, the parties agreed that she would receive one-fourth of the pension benefits when they were ultimately determined and distributed to the husband. Therefore, we must decide whether a trial court has the power to approve a settlement agreement entered into by parties to a divorce that divides pension benefits to be potentially earned by a spouse after the termination of the parties' marriage. If the court has the power to approve such a settlement agreement, we must further decide whether the consent decree in the instant case should be modified to limit the wife to that portion of the pension benefits earned by the husband during the parties' marriage.

JURISDICTION

Neb. Rev. Stat. § 42-366(8) (Reissue 1993) provides:

> If the parties fail to agree upon a property settlement which the court finds to be conscionable, the court shall order an equitable division of the marital estate. The court shall include as part of the marital estate, for purposes of the division of property at the time of dissolution, any pension plans . . . owned by either party . . . .

In interpreting § 42-366(8), we have held that when the trial court orders the equitable division of the marital estate, the marital estate includes only that portion of a pension which is earned during the marriage. See, *Shockley v. Shockley*, 251 Neb. 896, 560 N.W.2d 777 (1997); *Priest v. Priest*, 251 Neb. 76, 554 N.W.2d 792 (1996). Contributions to pensions before marriage or after dissolution are not assets of the marital estate. *Shockley v. Shockley, supra.*

While it is clear that the court may not order the division of pension benefits earned after the termination of the parties' marriage as such property is not a part of the marital estate, it was the parties, rather than the court, who in the instant case

agreed that the wife should receive a share in pension benefits to be potentially earned by the husband after the termination of the parties' marriage. The court, upon finding the agreement conscionable, approved the prior actions of the parties in agreeing to grant the wife a share in pension benefits to be potentially earned by the husband after the termination of the parties' marriage. See, § 42-366(2) ("the terms of the agreement . . . shall be binding upon the court unless it finds . . . that the agreement is unconscionable"); *Pascale v. Pascale*, 229 Neb. 49, 424 N.W.2d 890 (1988). Nevertheless, the husband claims that when the court determines that the agreement is conscionable and gives its approval to the agreement, the court is asserting its jurisdiction over the division of the marital estate. Thus, the husband argues that because a court does not have the statutory authority or jurisdiction to divide nonmarital pension benefits in a contested case, that part of the decree granting the wife a share in the pension benefits to be potentially earned by the husband after the termination of the parties' marriage is null and void. We disagree.

The Court of Appeals of Texas, in *Boyett v. Boyett*, 799 S.W.2d 360 (Tex. App. 1990), construed a similar statutory provision wherein the divorce decree, pursuant to the parties' property settlement agreement, awarded the wife one-half of the husband's retirement benefits to be received in the future. The husband requested that the decree be reformed to limit the wife to one-half of the retirement benefits valued as of the date of the parties' divorce. The husband argued that it was an impermissible divestment of his separate property to give his wife one-half of his monthly retirement payments that included nonmarital increases.

In rejecting the husband's argument, the Texas court stated that the divestiture of separate property is not allowed when the parties' marital estate is divided by the court; however, separate property can be divided by the parties to a divorce who are free to bargain away their separate property in settlement agreements. The court held that "with a binding settlement agreement before it, the [lower] court [properly] . . . divide[d] the estates of the parties by setting forth the property settlement agreement in the decree . . . finding the agreement to be just and fair . . . ."

*Id.* at 363-64. The court stated that "[c]ourt approval of such agreements does not operate as a divestiture of a party's separate property." *Id.* at 364.

We are likewise persuaded that in the instant case, while the district court did exercise its jurisdiction in determining if the agreement of the parties was conscionable, the district court did not exceed its statutory authority in approving the division of pension benefits to be potentially earned by the husband after the termination of the parties' marriage. Pursuant to the settlement agreement before it and in the proper exercise of its broad jurisdiction with respect to approval and enforcement of property settlement agreements in marriage dissolutions, § 42-366(2), the district court merely gave its approval to the parties' prior actions in agreeing to a term that granted the wife a share of potential postmarital portions of the husband's pension and incorporated the parties' agreement into the consent decree.

It was unnecessary for the district court to exercise its authority under § 42-366(8) to divide the marital estate of the parties, since the division was already accomplished by the parties themselves. Because parties to a divorce are free to bargain away their separate property, the court did not err in approving and incorporating into the decree a provision allowing the wife a share in the nonmarital portion of the husband's pension. Thus, we hold that a trial court, in the exercise of its broad jurisdiction with regard to approval and enforcement of property settlement agreements under § 42-366(2), has the power to *approve* and *incorporate* into a consent decree a conscionable term in the parties' agreement to divide pension benefits earned by a spouse after the termination of the marriage, even though the trial court has no statutory power to *order* such a division in a contested case.

Other jurisdictions have also concluded that parties to property settlement agreements may agree to terms which the trial court lacks the authority to order in a contested matter. For example, in *In re Marriage of Woodford*, 254 Mont. 501, 503, 839 P.2d 574, 575 (1992), the parties' separation agreement contained the following provision: " 'Upon the Husband taking full retirement, the monthly federal government retirement benefit paid to the Husband shall be split equally with the Wife for

the balance of her life.' " The lower court, in finding the agreement conscionable, gave its approval to the foregoing term and incorporated it into the divorce decree. Subsequently, the husband filed a motion for the entry of a QDRO, proposing that the wife was limited to 50 percent of the retirement benefits earned during the marriage because benefits earned after the termination of the marriage are not included in the marital estate.

The *Woodford* court held that the husband's proposed QDRO did not conform to the separation agreement. As support for its holding, the court found that

> [t]he plain and unambiguous language of the [property settlement agreement] provided that [the husband's] monthly federal government retirement pension "shall be split equally with the Wife for the balance of her life." It [did] not state on what date [the husband's] earnings or contributions to his retirement fund should not be taken into account for the division and distribution of retirement payments. . . .
>
> The parties were represented by counsel and understood the terms of the agreement. [Citation omitted.] [The wife] [was] entitled to the benefit of her bargain. [The husband's] proposed QDRO was nothing more than an attempt to modify the original separation agreement.

*Id.* at 505, 839 P.2d at 576-77.

Similarly, in *Wahl v. Wahl*, 945 P.2d 1229 (Alaska 1997), the issue was whether the lower court erred in interpreting the divorce decree to give the wife one-third of the husband's entire retirement annuity because that annuity included benefits the husband earned after the parties' divorce. Paragraph seven of the parties' property settlement agreement, as incorporated into the divorce decree, provided that the husband will pay the wife " '33-1/3 percent of his retirement with the Federal government.' " *Id.* at 1231. The *Wahl* court held that the lower court properly concluded that the divorce agreement entitled the wife to one-third of the husband's entire retirement annuity.

In so holding, the court gave its approval to the lower court's adoption of the wife's interpretation of the decree. Her interpretation was that the parties agreed that she would receive one-third of the entire annuity " 'based on the estimate that [the hus-

band] had completed 2/3 of his working career at the time of the divorce and [the wife] was entitled to 1/2 of whatever he earned at the date of divorce, or 1/3 of the balance at the end of his career.' " *Id.* The court found that the plain language of the agreement supported the wife's and the lower court's interpretation of the decree. Specifically, the court stated that "[t]he plain language of the contract refers to [the husband's] 'retirement,' without limiting that term to retirement benefits earned during the marriage. This suggests that [the wife] is entitled to one-third of [the husband's] entire retirement." *Id.*

In the instant case, the husband argues that because the consent decree does not indicate when the accrued pension benefits are to be valued, the consent decree should be interpreted to limit the wife to that portion of the pension benefits earned during the marriage. However, because the plain language of the parties' settlement agreement refers to the husband's pension plan, without limiting that term to pension benefits earned during the marriage, we conclude that the trial court was correct in finding that the parties intended that the wife would be entitled to the pension benefits that were earned by the husband both during the parties' marriage and after dissolution. Thus, the husband's first assignment of error is without merit.

## MODIFICATION

The husband next claims that the district court abused its discretion in refusing to modify the consent decree to limit the wife to one-fourth of the pension benefits earned by him during the parties' marriage.

A consent decree is usually treated as an agreement between the parties and is accorded greater force than ordinary judgments and ordinarily will not be modified over objection of one of the parties. *Desjardins v. Desjardins*, 239 Neb. 878, 479 N.W.2d 451 (1992). Where a party to a divorce action, represented by counsel, voluntarily executes a property settlement agreement which is approved by the court and incorporated into a divorce decree from which no appeal is taken, ordinarily the decree will not thereafter be vacated or modified as to such property provisions, in the absence of fraud or gross inequity. *Pascale v. Pascale*, 229 Neb. 49, 424 N.W.2d 890 (1988);

*Colson v. Colson*, 215 Neb. 452, 339 N.W.2d 280 (1983). In the present case, the husband asserts that gross inequity will result unless the consent decree is modified to limit the wife to one-fourth of the pension benefits existing as of the date of the termination of the parties' marriage, rather than to give the wife one-fourth of the pension benefits when ultimately obtained by the husband.

The only evidence in the record regarding the value of the husband's pension benefits is that, based on the husband's anticipated February 1998 retirement date, the present value of the pension benefits as of the date of the termination of the parties' marriage is $71,822.20. Noticeably absent from the record is any evidence regarding the value of the pension benefits at the time of the modification hearing, with such value also based on the husband's anticipated February 1998 retirement date. Therefore, because we cannot ascertain from the record whether and to what extent the amount the wife would receive under the decree is greater than the amount the wife would receive if the decree were modified in accordance with the husband's request, we cannot determine whether gross inequity will result to the husband if the decree is enforced as written to allow the wife one-fourth of any pension payments actually obtained by the husband.

Moreover, even though the husband claims that a gross inequity would occur absent a modification, the scant record before us would just as easily support a contrary conclusion. That is, at the time of the parties' divorce, the wife was entitled to an equitable share of the husband's pension benefits, since pension benefits earned during the marriage are part of the marital estate. However, for whatever reason, including the possibility that the present value of the husband's pension benefits could not be ascertained at the time of the divorce, the parties agreed that the wife would be entitled to receive one-fourth, and not one-half, of the pension benefits when actually obtained by the husband. The parties were represented by counsel at the time the settlement agreement was entered into and understood the terms of the agreement. The wife is entitled to the benefit of her bargain. We therefore conclude, after a de novo review of the record, that the husband failed to prove that a gross inequity

would result if the consent decree is not modified. The district court did not abuse its discretion in refusing to modify the original consent decree.

## WIFE'S CROSS-APPEAL

In her cross-appeal, the wife asserts that the district court erred in failing to award her attorney fees as a sanction against the husband or his counsel for resisting her application for a QDRO. On appeal, a trial court's decision awarding or denying attorney fees will be upheld absent an abuse of discretion. *DeVaux v. DeVaux*, 245 Neb. 611, 514 N.W.2d 640 (1994). The issue of whether a trial court has the jurisdiction to approve a term in an agreement between parties to a divorce dividing non-marital pension benefits was one of first impression in this jurisdiction. We cannot say, based on the nature of this case, that the husband asserted a nonmeritorious defense in resisting the QDRO on the grounds that the trial court lacked jurisdiction to enter the consent decree, as well as the QDRO, authorizing the distribution of nonmarital pension benefits. Therefore, we determine that it was not an abuse of discretion for the district court to deny the wife's request for an award of attorney fees.

## CONCLUSION

For the foregoing reasons, we affirm the order of the district court entering a QDRO entitling the wife to one-fourth of any pension payments received by the husband without offsetting postdivorce accumulations to the pension. We further conclude that the trial court did not abuse its discretion in (1) refusing to modify the original consent decree and (2) refusing to award the wife attorney fees.

AFFIRMED.